## LICETTE vs. THE STATE OF GEORGIA.

1. The evidence in this case warranted a conviction of receiving stolen goods, knowing them to be stolen.
2. The indictment is sufficiently technical and correct. It states the offense substantially in the very terms and language of the Code, or at least so plainly that its nature may be easily understood by the jury.
3. The receiver of stolen goods, knowing them to have been stolen or feloniously taken, is an accessory after the fact, and the principal should be prosecuted and convicted before the trial and conviction of the receiver; but where the indictment charged that the principal was unknown to the grand jury, so that he could not be taken and prosecuted to conviction, the receiver could be prosecuted and convicted alone.
4. A felonious taking, as well as theft, was distinctly charged in this indictment against the principal as well as against the receiver. Had it not been so charged in terms, this would not have rendered the indictment insufficient. If the principal took the goods with felonious intent and was guilty of felony, and would have suffered the punishment of a felon upon conviction, the party who received the goods, knowing them to have been stolen, whether he is apprised of the intent and circumstances with which they were originally taken or not, is liable to the same punishment as the original thief; and this guilty knowledge may, in most cases, be inferred from facts and circumstances in proof.
5. A charge in the indictment that the principal broke open and stole from a railroad car makes a felony.
(a.) It was not material to allege that the breaking and stealing occurred in the county of the trial, if it were charged that the knowingly receiving was done there.

December 1, 1885.

Criminal Law.   Indictment.   Venue.   Before Judge
SIMMONS.   Bibb Superior Court.   October Adjourned Term,
1884.

Reported in the decision

LYON & GRESHAM, for plaintiff in error.

J. L. HARDEMAN, solicitor general, for the state.

HALL, Justice

The defendant was tried and convicted for receiving
stolen goods, knowing them to be stolen.   The indictment
contained a single count, which alleged that he, on the 7th
day of January, 1885, in the county of Bibb, "did then
and there unlawfully buy and receive from some person,
to the grand jury unknown (so that he might be taken and
prosecuted to conviction), twelve sides of meat worth $6.50
each, the same being the property of S. R. Jaques, the
same having been feloniously stolen by some party un-
known, said stealing of said meat being from a railroad
car, after said thief or thieves had broken open the same,
said car being on a side track of the Central Railroad and
Banking Company of Georgia, he, the said Licette, know-
ing said goods were stolen when he so bought or received
them from said thief."

Upon being arraigned, the defendant demurred in writ-
ing to this indictment, upon the following grounds ·

(1st.) That it does not follow the statute.

(2nd.) That it does not show that the principal cannot be
taken.

(3rd.) That it does not show of what offense the defend-
ant was guilty or charged with; whether it was larceny,
burglary or other offense.

(4th.) That the indictment is otherwise insufficient in
law to warrant conviction.

The demurrer was overruled, and upon a plea to the

merits, the defendant was found guilty, and he then moved in arrest of judgment, upon these grounds:

(1.) Because there was no felony set out in the bill of indictment wherewith to charge or convict him.

(2.) Because the bill of indictment does not make out, with sufficient certainty, the charge either of a misdemeanor or felony.

(3.) Because it does not show that the principal cannot be taken.

(4.) Because it does not show of what offense the principal was guilty, or with which he was charged.

This motion was likewise overruled, when a motion for a new trial was made, upon the following grounds:

(1.) Because the verdict is contrary to evidence and without evidence to support it.

(2.) Because it is contrary to law.

(3.) Because there was error in overruling the demurrer to the indictment.

This motion was overruled and a new trial refused, and to these several rulings the defendant excepted.

1. We will first dispose of the grounds of the motion for a new trial, except the last, with which we shall deal when we come to consider the demurrer and motion in arrest of judgment. There was ample evidence to sustain every charge set forth in the indictment. It was shown that the car containing the meat was broken open; the meat was traced from that point to the defendant's store; it was found in his possession; was carried to his house at an unusual hour of the night and by an unaccustomed route, was received into the back of the store, purchased at a very low price, its weight guessed at, as we are authorized to infer, there being no scales there to weigh it. It was sufficiently identified as the property of the prosecutor; and according to the defendant's own statement, voluntarily made, he did not know the person from whom he received it; and, under all these suspicious circumstances, he seems to have made no effort or inquiry to ascertain who he was.

2. The indictment is sufficiently technical and correct. It states the offense substantially in the very terms and language of Code defining it; and even if this were not the case, it states it so plainly that its nature may be easily understood by the jury. Code, §4628.

3. It is founded upon sections 4488 and 4489 of the Code, which fix the guilt of the defendant as the receiver of stolen goods, wherever he buys or receives them, knowing them to have been stolen or feloniously taken from another, and subjects him to the same punishment as the principal thief, on conviction, would have suffered. The first of these sections makes the receiver an accessory after the fact, and requires the prosecution and conviction of the principal before he can be tried and convicted; but the last section provides for the trial and punishment of the receiver, whenever the principal thief cannot be taken, so as to be prosecuted and convicted. When the principal thief is unknown even to the receiver of the stolen goods, as he certainly was to the grand jury, who, after diligent inquiry, as we must presume, were unable to find him out, this furnishes a sufficient reason why he cannot be taken and prosecuted to conviction, and so it has been held by this court. In *Simmons's* case, 4 *Ga.*, 465, 473, it was laid down that the name of the principal, if known, must be alleged in the indictment and proved on the trial, but if unknown, that fact must be so alleged, when proof of the theft by any person will suffice to sustain the charge. In this case, the proof of the guilt of the unknown thief was established beyond a doubt.

4. A felonious taking, as well as theft, was distinctly charged by the indictment against the principal as well as against the receiver; but if the felonious taking had not been charged in terms, this would not have rendered the indictment insufficient, for in *Bieber's* case, 45 *Ga.*, 569, 573, it is ruled that the term " feloniously taken," in the section in question, is used, not to indicate that the defendant (the receiver) is guilty of felony, but to show the intent

with which the goods were taken from the owner by the principal thief. If the principal took the goods with felonious intent, and was guilty of felony, and would have suffered the punishment of a felon upon conviction, the party who received them, knowing them to be stolen, whether he is apprised of the intent or circumstances with which they were originally taken or not, is liable to the same punishment as the principal; if he knew that the goods were stolen, this would seem to be sufficient to fix his guilt and ascertain his punishment; and that this guilty knowledge may, and in most instances must, be inferred, from facts and circumstances in proof leading to this conclusion, is unquestionably true. Were it otherwise, and were direct and positive proof of this fact required, and were circumstances, from which it may be legitimately inferred, excluded from the jury, or deemed insufficient in themselves to establish this fact, the receiver, as a general thing, would go unwhipt of justice, and might carry on this traffic with perfect impunity.

5. We think that counsel are mistaken in supposing that this indictment alleges no distinct offense against the principal thief, or that it is uncertain whether he is charged with larceny, burglary or other offense. He is charged with breaking open and stealing from a railroad car, and the act of the 27th of September, 1883 (Acts, p. 132), makes this a felony, punishable by confinement in the penitentiary for a term not less than one nor longer than five years. Nor do we think it material to the guilt of the defendant that this breaking and stealing from the car should have been charged to have taken place in Bibb county; his offense, although it results from, is in this respect distinct from that of the principal. *Simmons's* case, 4 *Ga.*, 469; *Bieber's* case, 45 *Ga.*, 569, 573; *Loyd's* case, 42 *Id.*, 221. The venue, as to the defendant, is sufficiently laid and proved when it is shown that he received the stolen goods in Bibb county.

Judgment affirmed.