## 10118. SMILEY v. THE STATE.

One charged with buying or receiving goods, knowing them to have been stolen, can not be indicted and punished until after the conviction of the principal offender, or until it appears that the principal offender can not be taken so as to be prosecuted and convicted. It follows that the principal and the "accessory after the fact" can not be jointly indicted, where the prosecution is under § 168 of the Penal Code of 1910.

DECIDED JANUARY 23, 1919.

Indictment for burglary, etc.; from Mitchell superior court— Judge Harrell. August 17, 1918.

A. S. Johnson, for plaintiff in error.

R. C. Bell, solicitor-general, F. A. Hooper, contra.

BLOODWORTH, J. The indictment in this case charges Leroy Winchester with burglary, and the plaintiff in error and others as accessories after the fact, alleging that they "did buy and receive" all of the property from said Winchester which he obtained by the burglary. The indictment was demurred to on several grounds, among them that the indictment should be quashed because the person who is alleged to have committed the burglary was joined "in the same indictment and the same count thereof" with the plaintiff in error, who was charged with receiving stolen goods. The demurrer was overruled, and a bill of exceptions pendente lite was filed. The case proceeded to trial and resulted in a verdict of guilty. A motion for new trial was overruled, and this also is alleged as error.

The learned trial judge erred in overruling the demurrer to the indictment. He evidently acted upon the general proposition that the principal felon and the accessory may be indicted in the same bill. This is true when they are joint offenders, both concurring, at least in intent, in the commission in the same crime. While the statute law of our State designates one who receives stolen goods, knowing them to be stolen, as an "accessory after the fact," and he may be indicted as such, this is not strictly in accord with the definition of an accessory after the fact as given in our code. The isolated fact that one receives stolen goods, knowing them to be stolen, does not make the receiver guilty as an "accessory after the fact" under the code definition thereof above quoted; but he would be such if, in addition to receiving the goods, and after full knowledge that a crime had been committed, he "conceals it from the magistrate, and harbors, assists, or protects the person charged

with or convicted of the crime." Penal Code (1910), § 47. In *Loyd* v. *State,* 42 *Ga.* 221, Chief Justice Lochrane said: "to receive stolen goods, knowing them to be stolen, did not fall under any of the definitions of the common law, and did not constitute the receiver an accessory, but was, in itself, a distinct and separate offense: 1st Bishop, section 493. The receiver of stolen goods, knowing them to be stolen, is not an accessory, according to our definition, because he renders no aid to the principal. felon. Nor, in speaking of the common law, do we overlook the statute, 3 and 4 W. & M., or of 1st and 5th Ann, but after a review of the whole subject, and in view of the provisions of our own Code, which makes this a distinct offense as accessory after the fact, we lay down the true test to be to consider whether what he did was done by way of personal help to his principal, with a view to enable the principal to elude punishment."

We have not overlooked the fact that in *Bieber* v. *State,* 45 *Ga.* 569, the headnote is as follows: "One who buys or receives goods, chattels, money or other effects that have been stolen, or feloniously taken from another, knowing the same to have been stolen, or feloniously taken, may be indicted as an 'accessory after the fact,' under the provisions of the 4420th section of the Code [§ 168 of the Penal Code of 1910]. That section creates and defines a distinct offense." It is true that under § 168 of the Penal Code of 1910, the indictment may properly designate one who receives stolen goods as an "accessory after the fact." However, Bieber was not indicted with the principal, and the indictment "set forth the plea of guilty of the principals to an indictment that had been found against them for simple larceny." In the case of *Licette* v. *State,* 75 *Ga.* 253, Mr. Justice Hall follows the code and designates one who receives stolen goods, knowing them to be stolen, as an accessory after the fact, yet he distinctly rules that the statute requires the prosecution and conviction of the principal before the "accessory" can be tried. In *Jordan* v. *State,* 56 *Ga.* 92, the first headnote is as follows: "An indictment for this offense under section 4488 of the Code should allege that the principal thief has been *tried* and *convicted* of the offense; if such principal cannot be taken so as to be prosecuted and convicted, then the accessory in receiving the stolen goods should be indicted under section 4489

for a misdemeanor." (Italics ours.) Sections 4488 and 4489 referred to in the headnote quoted above are §§ 168 and 169 of the Penal Code of 1910. The third headnote in that case is in part as follows: "*The indictment should specify the particular offense of which the principal thief was convicted,* whether larceny or burglary, so that the record of the court—the pleadings—shall show that the judgment or sentence is right according to the case made." (Italics ours.) Mr. Justice Lumpkin in *Martin* v. *State,* 95 *Ga.* 478 (20 S. E. 271), referred to the above ruling in the *Jordan* case and said its correctness "admits of grave dougt," but it has not been overruled, and the same principle was positively asserted in *Rogers* v. *Brown,* 138 *Ga.* 750 (3) (75 S. E. 1131), in which Mr. Justice Atkinson ruled that an indictment was fatally defective where it charged the accused with "being accessory after the fact by receiving stolen goods, knowing them to be stolen, and failed to allege that the principal thief had been convicted (Penal Code, § 168), or that the principal thief could not be taken so as to be prosecuted and convicted (Penal Code, § 169);" citing *Jordan* v. *State,* supra. The ruling in the *Jordan* case was also approved and followed in *Butler* v. *State,* 57 *Ga.* 610.

In *Roberts* v. *State,* 18 *Ga. App.* 529 (89 S. E. 1055), will be found an interesting and lucid discussion of a question somewhat analogous to the one sub judice, Chief Judge Wade concluding the opinion thus: "It is true the indictment in the case under consideration charged the defendant with receiving, harboring, and concealing a guilty person, knowing such person to be *guilty.* However, it can not be reasonably contended that the defendant knew that the principal offender charged with the commission of a felony was *legally guilty,* since under our law every person accused of crime is presumed to be innocent until the contrary is established by legal proof, or, in other words, until he has been tried and convicted in a court of competent jurisdiction. It would certainly present an anomalous state of affairs should one be indicted and convicted as an accessory after the fact, and thereafter the principal offender be tried and found not guilty. As in a great measure a safeguard against such results, the statute relative to accessories before or after the fact wisely provides in effect (as construed by the courts) that only after the conviction of the

principal offender, or where such offender can not be taken so as to be prosecuted and punished, can an alleged accessory be indicted and tried."

It therefore appears settled, under the rulings of the courts of last resort in our State, that "only after the conviction of the principal offender, or where such offender can not be taken so as to be prosecuted and punished, can an alleged accessory be indicted and tried." An examination of all the cases cited by counsel for the State will show that they are not in conflict with what is here decided. Under the foregoing rulings, the person committing the burglary and the receiver of the stolen goods can not be joined in the same indictment. It might be well for the legislature to take some action in reference to the proposition under discussion, and provide for the indictment of an accessory before the trial of the principal. In the instant case, the court having erred in overruling the demurrer to the indictment, the further proceedings were nugatory.

*Judgment reversed. Broyles, P. J., and Stephens, J., concur.*