### 12729. HAMMETT, *alias* PUCKETT, *v.* THE STATE.

LUKE, J. There is no merit in the errors assigned upon the several excerpts from the charge of the court. If the defendant wished more particular instructions, timely request should have been made. The evidence authorized the conviction, and it was not error to overrule the motion for a new trial.

       *Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

       DECIDED NOVEMBER 17, 1921.

Indictment for sale of intoxicating liquor; from Floyd superior court — Judge Wright. July 20, 1921.

The instructions complained of were: (1) " He is presumed to be innocent, and, before you can convict him, the State must establish his guilt by competent and sufficient evidence, beyond a reasonable doubt. " (2) " You are the exclusive judges of the credibility of all witnesses. " It is contended that these instructions were not full enough, and that the judge (though not requested in writing so to do) should have explained the meaning of " competent and sufficient evidence," and " beyond a reasonable doubt," and " should have stated to the jury what evidence was sufficient to convict." As to the second instruction quoted,

the movant "submits that said portion of the charge is correct," but he contends that the court (though not requested in writing so to do) should have gone further and charged that the jury "should believe those witnesses who have the best opportunity to know the facts about which they testify and the least inducement to swear falsely," and should have given other instructions set out in the motion, which are substantially in the language of section 5732 of the Civil Code of 1910.

*Harris & Harris,* for plaintiff in error.

*E. S. Taylor,* solicitor-general, *J. F. Kelly,* contra.