### 12896.. Mullin v. The State.

Broyles, C. J.   1. In view of the facts of the case, as disclosed by the record, the grounds of the amendment to the motion for a new trial are without substantial merit.

2. The verdict was amply authorized by the evidence.

*Judgment affirmed.   Luke and Bloodworth, JJ., concur.*

Decided December 13, 1921.

Indictment for possessing intoxicating liquor; from Floyd superior court — Judge Wright.   August 20, 1921.

No definition of "reasonable doubt" was given by the judge in connection with his charge to the jury as to the burden on the State to establish the defendant's guilt beyond a reasonable doubt; and failure to define this term (though there was no written request so to do) is complained of in the motion for a new trial.

An instruction to the jury that they were the exclusive judges of the credibility of all the witnesses is complained of in the motion for a new trial as not being sufficiently full; and it is contended that the court (though there was no written request so to do) should have gone further and charged that the jury "should believe those witnesses having the best opportunity to know the facts and the least inducement to swear falsely," and should have added other specified instructions which are substantially in terms of section 5732 of the Civil Code (1910).

A boy testified that he found hidden in a pasture, near the defendant's place, pint bottles of whisky, and afterwards hid some of the whisky in the pasture and some in a branch, and that the defendant came there and asked if the witness had seen anybody with "his stuff," and explained that he meant whisky; the witness "got it" and the defendant "put it in his coat." This was contradicted by the defendant in his statement at the trial.

*Harris & Harris; Porter & Mebane,* for plaintiff in error.
*E. S. Taylor, solicitor-general, J. F. Kelly,* contra.