## 31636.   GASPIN *v.* THE STATE.

DECIDED OCTOBER 31, 1947.   ADHERED TO ON REHEARING DECEMBER 20, 1947.

*Shelby Myrick,* for plaintiff in error.

*Andrew J. Ryan Jr., Solicitor-General,* contra.

MacIntyre, P. J. ■ The concealment of the cigarettes, the buying of them below the open-market price, the denial of the fact that he had bought any cigarettes from Rosenberg, and his subsequent admission that he had bought the cigarettes from Rosenberg and had sold three cases to Cathey for $1.45 a carton, which was nearer the open-market price of $1.53 than $1.35, Cathey testified was the price he bought them for, and the fact that Rosenberg was a brother-in-law to a cousin of the defendant, together with the other circumstances in the case as disclosed by the evidence, authorized the jury to accept the conten-

tions of the State instead of those of the defendant, and to find that the defendants, Rosenberg and Gaspin, associated themselves in the unlawful enterprise of buying and selling the stolen cigarettes, knowing them to be stolen; and that, even if the buying of the stolen goods was the act of Rosenberg, it was done in pursuance and furtherance of a conspiracy to buy and sell the cigarettes and, in legal contemplation, was the act of both, even though Gaspin may not have been actually present. *Cobb* v. *State*, 76 *Ga.* 664; *Adams* v. *State*, 51 *Ga. App.* 30 (179 S. E. 417); *Nelson* v. *State*, 51 *Ga. App.* 207 (180 S. E. 16).

■ The Code, § 26-2620, provides: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property."

Under the statute of this State, the offense of accessory after the fact is a separate crime from that of the principal. *Chambers* v. *State*, 194 *Ga.* 773, 782 (22 S. E. 2d, 487). The offense of receiving stolen goods here charged is a separate offense.

"The offense of receiving or buying stolen goods, knowing them to have been stolen, is a separate offense from the theft of the goods by the principal thief." *Sampson* v. *State*, 60 *Ga. App.* 512 (1) (4 S. E. 2d, 290).

"The actual thief, relatively to the receiver of stolen goods, is an independent criminal, and although he may commit the larceny by which he possesses himself of stolen goods, he does not and can not participate with the receiver of such goods in the special offense committed by the latter in receiving such goods knowing them to be stolen." *Springer* v. *State*, 102 *Ga.* 447 (30 S. E. 971).

"As relates to crimes, 'substantive law' is that which declares what acts are crimes and prescribes punishment therefor. As relates to crimes, 'procedural law' is that which provides or regulates steps by which one who violates criminal statute is punished." State *v.* Rodosta, 173 La. 623 (138 So. 124).

In *Ford* v. *State*, 162 *Ga.* 422 (134 S. E. 95), it is said: "An indictment under the Penal Code, § 168 [§ 26-2620], against one

for receiving stolen goods, knowing them to be stolen, must allege that the principal thief has been indicted and convicted. The conviction of the principal is not an element in the crime defined in the Penal Code, § 168 [26-2620], but is a regulation which affects the time when or the manner in which a person indicted under said section can be tried. The gist of the offense created by said section is buying or receiving goods with the felonious knowledge that they were stolen. Before a conviction can be had for the offense created under said section, it must be shown that the principal, whether taken or not, whether known or not, is guilty."

This ruling of the Supreme Court in the *Ford* case, supra, it seems to us, states that the buying or receiving of stolen goods knowing the same to be stolen is a separate offense from the theft of the goods by the principal thief, and that the gist of the offense created by the section is buying or receiving stolen goods knowing that they were stolen. Hence, the statute was denouncing as an offense, not the knowingly receiving of stolen goods from the thief himself, or from any other particular person, but the buying and receiving of such goods knowing them to be stolen from any person whatsoever. The fact that it must be alleged and proved that the principal thief, whether taken or not, whether known or not, is guilty, is but a regulation affecting the trial, and such allegations do not constitute allegations of essential elements in the crime charged.

It might be noted that in this case the place where the alleged crime was committed is not a part of the crime, but it is a regulation of the trial that such place must be alleged and proved. Thus, the venue is one of those things also that it is necessary to prove in order to convict, notwithstanding it is not an essential element of the crime.

In the instant case, the theft of the goods is one crime. The knowingly receiving or buying the stolen goods is a separate crime. The requirement that the principal shall be indicted and convicted of the crime is a procedural regulation of the trial, and while it is necessary to allege in the indictment and to prove that the principal thief has been convicted, or was unknown, it is not an allegation of the essential elements of the crime of knowingly receiving or buying stolen goods, and it is not necessary to allege

that the accused knowingly bought the stolen goods from the principal thief.

While it is not necessary to allege in the indictment that the accused knowingly received the stolen goods from the thief, the State in this case did so allege, and the accused contends that the evidence shows that the accused did not receive the goods from the principal thief, or thieves, and thus there was a fatal variance between the allegata and probata.

" 'Conspiracy or common intent may be established by proof of acts and conduct, as well as of previous express agreement.' " *Adams* v. *State,* supra.

Having heretofore stated that the evidence authorized a finding that there was a conspiracy between the accused Gaspin and Rosenberg to associate themselves in the unlawful enterprise of knowingly buying and selling the stolen goods in question, and that the act of Rosenberg, who knowingly bought them from the thief or thieves, in legal contemplation was the act of both, and hence to find that in contemplation of law Gaspin knowingly bought the stolen goods from the thief, or thieves—we do not think that there was a fatal variance between the allegata and probata, as contended by the accused.

The evidence authorized the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*