36386. TUCKER *v.* THE STATE.

DECIDED OCTOBER 17, 1956.

*Jacobs & Gautier*, for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General*, contra.

TOWNSEND, J. ■ The first special ground assigns error on testimony which was later ruled out by the trial court, and also

assigns error on the court's ruling, after the jury had been retired and had again returned to the box, as follows: "I will sustain the objection proposed by defense counsel and rule out the testimony objected to" on the ground that the court did not specifically state what testimony was being excluded and did not specifically repeat the testimony and instruct the jury not to consider it. The jury had heard the testimony and the objection and was thus apprised of that part of the testimony which was ruled out. The ruling forming the basis of this assignment of error was favorable to the defendant in that the objection of his counsel was sustained. This assignment of error is without merit. *Wright* v. *State*, 6 *Ga. App.* 770 (65 S. E. 806).

■ The evidence objected to in special grounds 2, 8 and 8A as to arrangements, in the absence of the defendant between the defendant's companion, Farmer, and the confessed thieves as to where they would meet on the night in question was admissible to explain the conduct of the witnesses in going to the location where the defendant was stationed. Code § 38-202.

■ Special ground 3 complains of the sustaining of an objection to a question asked one of the confessed thieves of the stolen property: "How long had you been advertising the fact around Macon that you were a thief?" The objection was that this called for a conclusion as to whether the witness was advertising the fact that he was a thief. The witness had testified that he told another person to whom he had sold sugar that it was stolen. The defendant clearly had a right to subject this witness to a thorough and sifting cross-examination as to this and any other transaction regarding the theft of sugar and as to his having informed the purchasers thereof in each instance of the fact that the sugar was stolen. Whether such cross-examination, however, would authorize a jury to conclude that it constituted an advertisement of the fact that he was a thief would depend upon the number of instances shown and other facts relating thereto which might have been developed by such cross-examination. The single instance shown would not of itself amount to an advertisement of the fact and the sustaining of the objection to the form of the question did not unduly restrict the exercise of the right of cross-examination. Code § 38-1705; *Post* v. *State*, 201 *Ga.* 81 (39 S. E. 2d 1); *Walden* v. *State*, 83 *Ga. App.* 231 (2) (63 S. E. 2d 232).

■ It is not error in the absence of request to fail to charge the provisions of Code § 26-201 that there must in every crime be a joint operation of act and intention or criminal negligence, where the court fully charges on the essential elements of the crime with which the defendant is charged. *Cammons* v. *State,* 59 *Ga. App.* 759 (5) (2 S. E. 2d 205); *Bennett* v. *State,* 49 *Ga. App.* 804, 805 (4) (176 S. E. 148); *McLendon* v. *State,* 14 *Ga. App.* 737 (82 S. E. 317). Nor is it error to fail to charge without request the provisions of Code § 26-404 relating to accident and misadventure where this issue, if raised at all, comes only from the defendant's statement. *Eich* v. *State,* 169 *Ga.* 425 (5) (150 S. E. 579); *Simmons* v. *State,* 181 *Ga.* 761 (7) (184 S. E. 291). Special grounds 6 and 14.5 are without merit.

■ Special ground 10 assigns error on the following charge of the court: "You are the sole and exclusive judges of the facts of the case. You pass upon the force, weight and credit to be given to the evidence in the case and you alone determine the credibility of the witnesses sworn to in the case." Special grounds 11 and 12 assign error on the failure of the court to charge on the impeachment of witnesses by proof of crime involving moral turpitude. It is not incumbent upon the trial court, in the absence of timely and appropriate written request, to charge upon the subject of the impeachment of witnesses. *Williams* v. *State,* 25 *Ga. App.* 193 (102 S. E. 875); *Moore* v. *State,* 55 *Ga. App.* 157 (1) (189 S. E. 551). Here the court did not charge on the subject of impeachment, and therefore the rule that, where the subject is referred to, all of it which is material and applicable must be given in charge, was not involved. As to the further contention that the charge as given is erroneous because in connection therewith the court gave the jury no rule by which credibility of witnesses should be determined, this also is not error in the absence of request. *Mullin* v. *State,* 27 *Ga. App.* 766 (110 S. E. 334); *Hammett* v. *State,* 27 *Ga. App.* 624 (110 S. E. 624). These grounds are without merit.

■ The court charged the jury as follows: (a) "Now, with reference, gentlemen, to the question of knowledge on the part of this defendant that the goods were stolen, the court has charged you that knowledge being one of the essential elements, the knowledge to which I have just referred, now, in that connection,

gentlemen, with reference to the question of knowledge on the part of the defendant that the goods where stolen and whether or not there existed any such knowledge, I charge you that unless there be guilty knowledge on the part of the defendant that the goods were stolen at the time they were received by him, there can be no conviction. That knowledge in many instances must be determined and is deducible by the jury from the conduct and behavior of the parties, that is, of the receiver and of the principal thief, where that principal thief is guilty of that conduct in the presence of and with the receiver of the goods. You may consider the time when such goods were received, their nature, their quantity, value and price paid for them, if bought, and whether or not any inquiry was made by the defendant as to the ownership of the goods. The jury may consider all the facts and circumstances of the case and should you find that the defendant did buy or receive these goods, under such circumstances and conditions as would cause him reasonably to believe that the goods were stolen, then, under the law, you would be authorized to attribute to the defendant such guilty knowledge as is one of the prerequisites of a conviction. Should you find that the defendant had no such guilty knowledge and that in receiving these goods, if he did receive them or any part of them, he did not do so under such circumstances and conditions as would cause him reasonably to believe that the goods were stolen then no guilty knowledge would be attributable to him and one of the necessary elements of the offense would be lacking and you would consequently, of course, return a verdict of not guilty. (b) From the law given you in charge, gentlemen, you will observe that in order to find this defendant, Prentice Tucker, guilty upon this indictment for receiving stolen goods, that is, for the offense of receiving stolen goods, you must believe beyond a reasonable doubt these things, and each of these things, and all of them, first, that the offense of larceny from the house was committed by the principal thief and property feloniously taken or stolen by him; second, that the principal thief has been convicted or has pleaded guilty to the commission of that offense, and, third, that this defendant did receive the goods stolen in the commission of the larceny from the house, or some part of those goods, as charged in this indictment, on which the defendant

is now on trial, and at the time he received them he knew the goods to be stolen. Each of these three elements about which I have charged you gentlemen is an essential element in the alleged offense of receiving stolen goods and each and all of them must be proven by the State beyond a reasonable doubt before the State can ask at your hands a conviction of the defendant."

Error is assigned on the excerpts as inapplicable to the defendant because there was no evidence that Tucker participated in the purchase or receipt of the goods or that he knew the price paid for the sugar, and there was no duty upon him to make inquiry as to the character of the goods; because it would authorize a conviction if Tucker had knowledge that the goods were stolen although he may have received them from Farmer, not one of the principal thieves; that it would authorize a conviction if Farmer knew the circumstances outlined although the defendant did not himself receive the goods, or would authorize a conviction if he purchased them from another than the principal thief. The remaining assignments of error contend that the court erred in not charging, in the same connection, and without request, that the defendant should be acquitted if the jury found that Farmer was the purchaser of the sugar and if they found that the defendant did not purchase it, did not assist Farmer in the purchase, did not know Farmer was purchasing stolen sugar, or if Farmer, and not the principal thieves, actually sold the sugar to the defendant even though he knew it was stolen.

▪ "Where an indictment is drawn under the Code, § 26-2620, charging the defendant with knowingly buying and receiving stolen goods, it is not necessary to prove that he knowingly received the stolen goods from the principal thief, but if it is proved that he received them, knowing them to be stolen, from any person whatsoever, he would be guilty of violating Code § 26-2620." *Gaspin v. State,* 76 *Ga. App.* 375 (3) (45 S. E. 2d 785). Accordingly, it would be no defense to Tucker to prove that he purchased the sugar from his companion, Farmer, rather than from the persons who stole it. As a matter of fact, however, there is no evidence to this effect and he does not contend in his statement that such was the case.

▪ The defendant admitted in his statement that he was present when the sugar was unloaded, and there is uncontradicted

evidence that he directed it to be unloaded on the property of a relative. Accordingly, the charge as given was not erroneous in any particular. As to the contention that in connection with the charge the court should have outlined to the jury other specific circumstances which the jury might have been authorized to find, and charge, without request, that under such specific circumstances the defendant should be acquitted, the rule of law is well settled that where the court charges fully and fairly all the ingredients of the offense, and charges that unless each of these is proved to the jury beyond a reasonable doubt they cannot convict, such charge is sufficient. "If elaborations of general law principles are desired, they must be requested." *McNabb* v. *State*, 69 *Ga. App.* 885, 887 (27 S. E. 2d 246). As stated in *Kimbrell* v. *State*, 57 *Ga. App.* 296 (195 S. E. 459): "Where the indictment alleged burglary, and the charge of the court substantially embraced the rules of law on the issues which the evidence made between the State and the defendant, if the defendant thought the charge was not full enough or clear enough or omitted something that would put his side more fairly before the jury than would the charge given, then the notice of the court should have been called thereto; and in the absence of an appropriate written request, the defendant can not now complain." In *Caldwell* v. *State*, 82 *Ga. App.* 480, 485 (61 S. E. 2d 543) it was stated: "The charge of the court when considered in its entirety, embraced the general principles of law applicable to the facts of the case. Here there was no request to charge and the court was not required to single out one item of evidence and charge the jury the effect of it." See also *Holmes* v. *State*, 194 *Ga.* 849 (3) (22 S. E. 2d 808) and citations. All of the remaining special grounds are without merit.

■ The evidence demanded a finding that the goods in question were stolen and were received by the defendant. The element of knowledge on the part of the defendant and his companion, Farmer, that they were stolen when he received them "being peculiarly subjective, may be inferred from circumstances." *Austin* v. *State*, 89 *Ga. App.* 866, 868 (81 S. E. 2d 508). These circumstances may include consideration of whether or not the amount of sugar purchased was greater than the principal thief would ordinarily have had for sale, he not being in the sugar

business, and whether or not the circumstances of the sale were such as to put the defendant as an ordinary person on inquiry as to its nature. *Arkwright* v. *State,* 57 *Ga. App.* 221 (194 S. E. 876). Here the amount of sugar purchased was greatly in excess of the normal amount, being about 3,000 pounds; the defendant's companion, who had arranged for the meeting, knew the source of the sugar and that it was being stolen (which, even if not imputable to the defendant, gave him a ready means of ascertaining the source by inquiry) ; the defendant and his companion waited on a lonely road in a parked car with the lights out in the early hours of the morning for the sugar to be delivered; upon its arrival the defendant proceeded into the first of the delivery cars, directed the driver to proceed to some isolated outbuildings belonging to a relative of his, and directed it to be unloaded. Accordingly, this case differs from *Bird* v. *State,* 72 *Ga. App.* 843 (4) (35 S. E. 2d 483) in that the evidence does not rest alone upon recent possession without other incriminating circumstances. The contention that the defendant might as easily have been merely accompanying and helping Farmer to receive the property at his request, the defendant being merely an innocent bystander, does not demand a reversal on the general grounds, particularly since this contention was never urged by the defendant in his statement or otherwise at the trial of the case, although he did deny buying it or knowing it was stolen, and at the same time stated he was along when it was unloaded. It was received by him, stored at his direction, and he makes no specific contention that he did these acts as the innocent agent of another. The general grounds of the motion for new trial are without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*