36740. JOHNSON *v.* THE STATE.

152

Decided June 17, 1957—Rehearing denied June 28, 1957.

*Jacobs & Gautier, Clarence Clay,* for plaintiff in error.

*William M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.

TOWNSEND, J. ■ Special ground 1 complains of the introduction in evidence of the accusations against the principal thief, Maddox, with his pleas of guilty thereon. Grounds 3 and 4 assign error on portions of the charge. These special grounds all raise the question of whether if, as contended, the evidence in the case conclusively shows that the principal thief, Maddox, was not guilty of larceny after trust in connection with the theft of this property but was instead guilty of larceny from the house as defined by Code § 26-2630, there has been no conviction of the principal thief for this offense, and, accordingly, the conviction of the defendant is without evidence to support it. With one exception, later to be discussed, this seems to be the first time the question has been raised as to whether the receiver, if proved to have guilty knowledge that the property was in fact stolen, can escape punishment by reason of the fact that the evidence in the case on trial shows a grade or degree of larceny by the principal thief different from the grade or degree found at the time of the trial of the principal thief.

Code § 26-2620 provides as follows: "If any person shall buy or receive any goods, chattels, money, or other effects that shall have been stolen or feloniously taken from another, knowing the same to be stolen or feloniously taken, such person shall be an accessory after the fact, and shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property." This is construed to mean that the Code section "requires the prosecution and conviction of the principal thief before he (the receiver) can be tried and convicted." *Licette* v. *State*, 75 *Ga.* 253 (3), 256. Where the principal has not been convicted "it can not be reasonably contended that the defendant knew that the principal offender charged with the commission of a felony was *legally guilty*, since under our law every person accused of crime is presumed to be innocent until the contrary is established by legal proof, or, in other words, until he has been tried and convicted in a court of competent jurisdiction. It would certainly present an anomalous state of affairs should one be indicted and convicted as an accessory after the fact, and thereafter the principal offender be tried and found not guilty. As in a great measure a safeguard against such results, the statute relative to accessories before or after the fact wisely provides in effect (as construed by the courts) that only after the conviction of the principal offender, or where such offender can not be taken so as to be prosecuted and punished, can an alleged accessory be indicted and tried." *Roberts* v. *State*, 18 *Ga. App.* 529, 531 (89 S. E. 1055); *Smiley* v. *State*, 23 *Ga. App.* 317, 319 (98 S. E. 125). However, this Code section "does not make indictment and conviction of the principal an element of this offense. The requirement that the principal shall be indicted and convicted relates to the time when or manner in which the accessory can be tried. In *Cantrell* v. *State*, 141 *Ga.* 98, 101 (80 S. E. 649), Chief Justice Fish, who delivered the opinion of the court, said: 'The conviction of the principal is not an element in the crime, but it affects the time when or manner in which the accessory can be tried. In other words, it is not an element in the crime, but is a regulation affecting the trial.' The gist of the offense . . . is the buying or receiving goods with the felonious knowledge that the goods were stolen." *Ford* v. *State*, 162

*Ga.* 422, 426 (134 S. E. 95); *Whitehead* v. *State,* 41 *Ga. App.* 466, 468 (153 S. E. 428); *Gaspin* v. *State,* 76 *Ga. App.* 375, 379 (45 S. E. 2d 785). And in *Martin* v. *State,* 95 *Ga.* 478 (1) (20 S. E. 271) it is held: "The real merits of being accessory after the fact, whether by receiving stolen goods or otherwise, are in no wise affected by the trial and conviction of the principal thief, these matters relating wholly to procedure and evidence, and not in any respect to the elements of the offense itself." It follows therefore that, while it is necessary to show a conviction of the principal thief, if he can be apprehended, before proceeding with the trial, the reason for the rule is that it would be unjust and hazardous to risk conviction of the receiver for accepting goods which subsequently might be proven not to be stolen, or accepting them from one alleged to have been the thief who is later acquitted of the offense of stealing them. But the *conviction* of the principal, as opposed to his *guilt* has nothing to do with the defendant except to affect the time when he may be put on trial. It is no element of the offense of the receiver and does not concern the merits of the case. The principal here has been convicted of the theft of the property in question, has pleaded guilty to the offense, and has stated on the trial of this case that he is the person who stole the property. Having been convicted, he can not be later tried and acquitted for the same offense on the ground that he might be guilty of larceny from the house rather than larceny after trust. There is accordingly no possibility here of the receiver being convicted of receiving goods from one who might later be acquitted of the offense of stealing them. And, since the conviction of the principal does not affect the merits of this defendant's case, his conviction cannot be reversed because, although convicted of the theft, he may have been erroneously charged with a different type or degree of theft from that which he in fact committed. It is the knowledge by the defendant that the goods were stolen, rather than the intent of the principal in stealing them, which determines the guilt or innocence of the accused. "If the principal took the goods with felonious intent and was guilty of felony, and would have suffered the punishment of a felon upon conviction, the party who received the goods, knowing them to have been stolen, whether he is apprised of the

intent and circumstances with which they were originally taken or not, is liable to the same punishment as the original thief." *Licette* v. *State*, 75 *Ga.* 253, supra, headnote 4.

In *Snow* v. *State*, 5 *Ga. App.* 608 (63 S. E. 651) the defendant was tried in the Criminal Court of Atlanta, a court having misdemeanor jurisdiction only, for the offense of knowingly receiving goods stolen by one Scott who had been previously tried and convicted of simple larceny of goods worth less than $50, a misdemeanor. On the trial of the case it was shown conclusively that Scott, if guilty of the crime, committed the felony of larceny after trust rather than the misdemeanor of simple larceny. Since the punishment of the receiver shall, under Code § 26-2620, be the same as that of the principal thief, and since the principal thief was guilty of a felony, the court held (headnote 1): "Where it appeared, from the evidence adduced upon the trial of one charged with the offense of receiving stolen goods, that if the goods were stolen, the principal thief was in fact guilty of larceny after trust, the Criminal Court of Atlanta was without jurisdiction to give any disposition to the case, *other than to require the appearance of the defendant to answer the charge before the superior court.*" (Emphasis added.) Judge Russell, speaking for the court, held: "The issue upon the trial of one charged with receiving stolen goods is not dependent upon what may have been the disposition of the case against the principal thief. We think the learned judge of the Criminal Court of Atlanta attached an importance not warranted by our law to the finding which had been returned against the principal thief," and went on to point out that the simple larceny conviction became unimportant when the evidence showed that the principal thief was guilty of a felony, and also that such conviction would be unimportant if the defendant succeeded in showing that the principal thief, although convicted, was in fact innocent, and that in the latter case the defendant should be acquitted of the charge.

Applying the foregoing rules of law, while the State must allege and prove the conviction of the principal thief before it can convict the defendant, this is a procedural rule and is not an element of the offense. The conviction is only prima facie evidence of the guilt of the principal, and the State must carry the burden

throughout the trial of proving the *guilt* of the principal, as opposed to proof of his conviction, before a verdict of guilty is authorized. But where the State carries this burden, the degree of the crime of the principal, insofar as it affects the punishment of the accessory, is to be established, not conclusively from the record of conviction, but from all of the evidence on the trial of the defendant's case.

■ Any error in allowing Maddox, the principal thief, to testify, "I was entrusted with the property there at the plant" is harmless where under the court's ruling the witness was questioned as to the facts upon which his opinion was based, and the facts showed that he was in charge of the property at the plant at which he was located, subject to the direction of his superior who only visited the plant for brief intervals during the day.

■ The evidence which has been set out in the statement of facts authorized a finding that the defendant knew at the time he offered to buy the merchandise from Johnson that Johnson had no right to sell it, and that he purchased it thereafter knowing that Johnson had in fact stolen it for this purpose. The general grounds are accordingly without merit.

The trial court did not err in denying the motion for new trial.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*