### 37317. JACKSON *v.* THE STATE.

DECIDED SEPTEMBER 15, 1958.

R. L. Addleton, for plaintiff in error.

Andrew J. Whalen, Jr., Solicitor-General, contra.

GARDNER, Presiding Judge. 1. The evidence is sufficient to sustain the judgment as to the general grounds.

2. We will treat special grounds 1 and 2 together, since they are very closely interrelated. Special ground 1 assigns error because it is alleged that the court erred in not giving to the jury the following charge: "That said defendant could not be convicted, and convicted [sic] under the indictment against Willie Buck Smith, the principal thief in said case, to wit: The six rolls of screen wire, which movant was convicted under in the indictment against movant, because it was not alleged in the indictment against Willie Buck Smith, and said principal thief, to wit: Willie Buck Smith, had never been convicted for stealing the six rolls of screen wire, further, that said court erred in not charging, to the jury, that movant could not be tried and convicted, for any

goods alleged in the indictment against the principal thief, Willie Buck Smith, that was not alleged in the indictment against movant, all of which was highly prejudicial as against the defendant, now movant in this case."

Special ground. 2 assigns error because it is alleged that the court erred in giving to the jury the following charge: "Buy and receive from one Willie Buck Smith, the following described property, to wit: 48 gallons of paint, assorted colors, all being William Armstrong Smith paint; 4 rolls of aluminum screen wire; 2 rolls of galvanized screen wire, of the value of $494, the same being the property of H. S. Mobley and J. W. Mobley, doing business as West Griffin Lumber Company, and having been unlawfully stolen by said Willie Buck Smith from the warehouse of said H. S. Mobley and J. W. Mobley, doing business as West Griffin Lumber Company, the said Clarence B. Jackson knowing said property above described was stolen when he bought and received it from said Willie Buck Smith, and the said Willie Buck Smith, the principal thief, was convicted at the October term, 1957, of Spalding Superior Court, on an indictment for larceny from the house, charging him with stealing said property. That the foregoing charge to the jury was misleading, and highly prejudicial to defendant, because nowhere in said indictment against the principal thief referred to in the charge of the court, did the indictment allege that any screen wire was stolen by the said Willie Buck Smith, nor was he convicted of having stolen any screen wire from H. S. Mobley and J. W. Mobley, doing business as West Griffin Lumber Company. That the court further erred in the above charge to the jury, because said state indicted the said Clarence B. Jackson under Code § 2620 of the Ann. Code of Georgia, 1933, and relied upon the indictment against Willie Buck Smith in the trial of said case against the defendant, Clarence B. Jackson, movant in this motion."

In view of the whole charge of the court as applied to the evidence in the case, we can not see that failure to charge, as set out in special ground 1, was harmful, nor can we see that the excerpt from the charge of the court to which reference is made in special ground 2 was harmful to the defendant. It follows that special grounds 1 and 2 are not meritorious.

3. Special ground 3 assigns error in that it is alleged that the indictment against the said defendant was fatally defective because it shows on its face that the defendant was indicted before the principal thief who was convicted of the offense of larceny, the indictment against the principal thief having been returned into open court October 8, 1957, on the same date the defendant was indicted, but the principal thief was not tried and convicted until October 14, 1957. The record shows on its face that the principal thief was not tried and convicted until after the defendant was indicted. In *Smiley v. State*, 23 *Ga. App.* 317 (98 S. E. 125) the headnote reads as follows: "One charged with buying or receiving goods, knowing them to have been stolen, can not be indicted and punished until after the conviction of the principal offender, or until it appears that the principal offender can not be taken so as to be prosecuted and convicted. It follows that the principal and the 'accessory after the fact' can not be jointly indicted, where the prosecution is under § 168 of the Penal Code of 1910." This same principle of law is reiterated in *Licette v. State*, 75 *Ga.* 253 (3) as follows: "The receiver of stolen goods, knowing them to have been stolen or feloniously taken, is an accessory after the fact, and the principal should be prosecuted and convicted before the trial and conviction of the receiver; but where the indictment charged that the principal was unknown to the grand jury, so that he could not be taken and prosecuted to conviction, the receiver could be prosecuted and convicted alone." See also *Johnson v. State*, 96 *Ga. App.* 151 (99 S. E. 2d 484). In *Harris v. State*, 191 *Ga.* 243 (12 S. E. 2d 64) the Supreme Court states that in dealing with the offense of receiving stolen goods the indictment and conviction of the principal thief is a prerequisite to the conviction of the defendant for receiving stolen goods. Special ground 3 is meritorious.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*