### 37316. JACKSON *v.* THE STATE.

Gardner, Presiding Judge. Clarence B. Jackson, the defendant, was the same defendant shown in *Jackson* v. *State, ante.*

The indictment is the same. The defendant under this indictment was sentenced to a term of one to two years in the penitentiary. In the instant case there are no general grounds and no special grounds but counsel for the defendant filed a motion in arrest of judgment as follows: (1) That it appears from the record that no cause of action is alleged in the indictment against the defendant and (2) The indictment is defective in that the said indictment is based upon an indictment against Willie Buck Smith, the principal thief in the case and the solicitor-general relied upon the indictment of Willie Smith to convict the defendant under Code § 26-2620. It is contended in the motion to arrest judgment that the indictment against the defendant shows on its face that the defendant was indicted before the principal thief, Willie Smith, had been convicted, and that Code § 26-2620 provides that the principal thief must be convicted before the person charged with receiving the same stolen goods can be indicted and convicted.

We have gone somewhat into detail regarding the necessity of indicting and convicting the principal thief before a defendant may be convicted of the offense of receiving stolen goods in *Jackson* v. *State*, ante. Under the same authorities as set out and discussed under division 3 of that opinion we hereby hold that the motion in arrest of judgment in the instant case is good, and the trial court erred in denying it.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*

DECIDED SEPTEMBER 15, 1958.

*R. L. Addleton,* for plaintiff in error.
*Andrew J. Whalen, Jr., Solicitor-General,* contra.