39778. ALLEN v. THE STATE.

DECIDED OCTOBER 16, 1962.

*Emmett O. Dobbs, Jr., Dudley S. Hancock, Daniel Duke,* for plaintiff in error.

*Jack Holland, Solicitor General,* contra.

NICHOLS, Presiding Judge. 1. The first special ground is a mere elaboration of the usual general grounds and will not be considered separately.

The indictment charged the defendant with receiving the described personalty from Thomas Wesley West, that the said Thomas Wesley West had stolen the property from the place of business of Elmer Jones and that the said Thomas Wesley West had been convicted for the theft of the described property.

On the trial of the case the prior conviction of West for stealing the personalty was proven as is required in order to convict the defendant charged with receiving stolen property in cases where the principal thief is known (see *Ford v. State,* 162 Ga. 422, 134 SE 95), and while it is not necessary to allege or prove that the accused received the property from the principal thief (see *Stanley v. State,* 97 Ga. App. 828, 831, 103 SE2d 591), yet where it is so alleged the State is bound by the allegations in the indictment and must prove its case as laid or no conviction is authorized. See *Smith v. State,* 185 Ga. 365 (195 SE 144); *Simpson v. State,* 35 Ga. App. 592 (134 SE 328); *Hightower v. State,* 39 Ga. App. 674 (2) (148 SE 300); *Youngblood v. State,* 40 Ga. App. 514 (150 SE 457); *Wright v. State,* 52 Ga. App. 202 (182 SE 862); and citations.

In *Gaspin v. State,* 76 Ga. App. 375 (45 SE2d 785), this burden of proof was carried by showing that the stolen property, alleged to have been received by the defendant from the principal thief, was received from the principal thief by the defendant's co-conspirator, and the act of the co-conspirator of the defendant was the act of the defendant. In *Tucker v. State,* 94 Ga. App. 468, 473 (95 SE2d 296), the court was dealing only with a charge authorized by the evidence.

In the present case there was no evidence that the defendant received the stolen property (found in his place of business), from the principal thief as alleged in the indictment. The principal thief (who had been convicted), testified that he had not sold the personalty to the defendant, and there was no other

evidence that the personalty had been received by the defendant from West. There was a fatal variance between the allegations and the proof and the judgment overruling the motion for new trial must be reversed.

2. The one other ground of the amended motion for new trial will not be considered as it complains of an event which transpired on the first trial and which will probably not recur on another trial.

*Judgment reversed. Frankum and Jordan, JJ., concur.*