## 40634. LAW v. THE STATE.

DECIDED MAY 6, 1964—REHEARING DENIED MAY 18, 1964.

*George G. Finch,* for plaintiff in error.

*William T. Boyd, Solicitor General, J. Robert Sparks, J. Walter LeCraw,* contra.

NICHOLS, Presiding Judge. ■ The demurrer attacking the second count of the indictment because such count did not show the indictment of the principal thieves when the first count showed the names of the principal thieves is without merit. See *Ivester v. State,* 75 Ga. App. 600 (44 SE2d 61), and cases cited. The cases of *Jackson v. State,* 98 Ga. App. 132 (105 SE2d 246) and 98 Ga. App. 135 (105 SE2d 249), relied upon by the defendant involved a single-count indictment which alleged who the principal thief was and showed that he had not been indicted and convicted before the defendant in those cases was indicted. What has been held above disposes of special ground numbered 13 of the motion for new trial adversely to the defendant.

■ Under the decision of the Supreme Court transferring the writ of error to this court the judgment of the trial court quashing the subpoena duces tecum was not error since the only assignment of error relating to the motion to quash deals with the contention that the Act of 1945 (Ga. L. 1945, p. 1017), is unconstitutional.

■ Special grounds numbered 1, 2, 10 and 11 of the amended motion assign error on excerpts from the court's charge given after a request submitted by the defendant was given. It is the contention of the defendant in each case that the charge given by the court, after having given the requested charge, nullified the requested charge.

In each instance the charge given after the request had the effect of completing the charge on the subject then being given to the jury in charge. No error is shown by these grounds of the motion for new trial.

■ Special ground 3 complains of an excerpt from the charge wherein the jury was instructed that knowledge (of the alleged theft) must be proved beyond a reasonable doubt but that "knowledge may be inferred from surrounding facts and circumstances." Such charge was not erroneous. See *Birdsong v. State,* 120 Ga. 850 (3) (48 SE 329); *Williams v. State,* 16 Ga. App. 697 (6) (85 SE 973). This special ground shows no error.

■ Special ground 4 which complains of the refusal to grant a mistrial because certain testimony was adduced before the jury is incomplete and cannot be considered where the name of

the witness whose testimony is complained of is not shown. *Hunter v. State,* 148 Ga. 566 (97 SE 523); *Arrington v. Aubrey,* 190 Ga. 193, 196 (8 SE2d 648).

■ Special ground 5 which complains of the overruling of an objection to a question asked, but which does not set forth the answer given, cannot be considered. See *Fouts v. State,* 175 Ga. 71 (11, 12) (165 SE 78).

■ Special ground 6 complains that the trial court refused to exclude the jury so that the defendant could object to a part of the testimony of one of the State's witnesses in the absence of the jury. This special ground does not show the evidence which the defendant contends should not have been admitted. It does not show that such evidence was subject to a valid objection, nor does it show any reason why a valid objection could not be made before the jury. No error harmful to the defendant is shown by this ground of the motion for new trial.

■ Special ground 7 complains of the admission of evidence over objection as to the witness's experience in investigating automobile thefts. Such evidence was properly admitted and no error is shown by such ground of the motion for new trial.

■ Special ground 8 contains three assignments of error dealing with objections to evidence and motions for mistrial. The first two assignments of error contained in this special ground of the motion for new trial are controlled adversely to the defendant by the rulings made in the fifth and sixth divisions of the opinion above.

The third assignment of error in this special ground, as well as the ninth special ground of the amended motion for new trial are incomplete in that they fail to show upon what ground the evidence was objected to on the trial of the case.

■ Special ground 12, the sole remaining ground, complains that the trial court refused to permit counsel for the defendant to read to the jury an excerpt from an almanac which had been introduced in evidence to refresh the court's memory as to the time the sun set and the moon rose on the date when the defendant allegedly received the stolen automobile. The documentary evidence was before the jury and the jury was instructed to refer to such evidence.

Counsel's argument to the jury was not restricted by such ruling and no harmful error is shown by this ground of the motion for new trial.

■ The evidence adduced on the trial of the case comprises some 125 pages of the record and it would indeed serve no useful purpose to set forth such evidence in detail. Suffice it to say that the evidence authorized the verdict and the judgment overruling the usual general grounds of the motion for new trial shows no error.

*Judgment affirmed. Hall and Russell, JJ., concur.*