### 46865. FOSKEY v. THE STATE.

EVANS, Judge. The defendant was indicted, tried and convicted of the offense of theft by receiving stolen goods. He was sentenced to serve twelve months upon the recommendation of the jury that he be given misdemeanor punishment. A motion for new trial based upon the general grounds only was duly filed, heard and overruled; and the appeal is from that judgment. Error is enumerated as to (1) the denial of the motion for new trial; (2) the refusal of the court to charge the law as to the affirmative defense of entrapment; (3) the refusal to charge the affirmative defense of claim of right as found in *Code Ann.* § 26-1810; and (4) the allowance in evidence of the goods allegedly received as stolen property. *Held:*

1. The evidence showed that a substantial amount of wholesale groceries had been disappearing from a wholesale grocery warehouse. The management began to observe the practice of the drivers of delivery trucks who filled the invoices by placing the goods on the trucks. One particular driver was observed to have placed 50 cases of merchandise on his truck which were not covered by any

invoice; whereupon all drivers were switched before this particular load was delivered. The new driver testified that the old driver had made an unusual request just before he left to make his deliveries. He delivered the extra 50 cases to defendant, a retail grocer, and his employers, officers and the sheriff all instructed him to deliver and to sell same at whatever price was suggested. The defendant advised him that he had been paying $2.00 per case and would give him that price. The cases were actually valued at $15.00 to $25.00 each, approximately. The driver accepted, and received $100 in the form of a $100 bill, which, together with the merchandise, was admitted in evidence against the defendant. The defendant made an unsworn statement and admitted he purchased said goods for $100, but contended he thought it was damaged goods. While this court has held in *Johnson v. State,* 96 Ga. App. 151 (1) (99 SE2d 484), that the guilt of the principal thief is a necessary element of the offense of receiving stolen goods, his conviction is not. The evidence here was insufficient to prove a case of theft by receiving stolen goods. The goods never left the custody of the wholesale company, although an employee of the company had definitely moved the goods from his employer's warehouse to the employer's truck. As shown by the testimony of the substitute employee driver, he delivered the goods to the defendant in accordance with the instructions of the officers of the company and likewise in accordance with their instructions sold it to the person meeting him at the delivery point (the defendant). Thus, it is shown that he sold the merchandise of the company which never left its possession, although placed on its truck without the owner's permission. Whether or not the goods were stolen property at the time the drivers were substituted, they had effectively returned to the company's possession, and remained in the company's possession at all times thereafter until "sold" at the direction of the company officers by this driver. The evidence in this case is insufficient to support

the verdict, and the general grounds are meritorious. The fourth enumeration of error is likewise meritorious, inasmuch as the evidence shows a sale of merchandise to the defendant by one authorized to sell it, having it in his possession for that purpose. Neither the $100 bill nor the merchandise shows a theft by receiving stolen goods which at all times remained in the possession of the legal owner until sold.

2. The goods were already taken at the time the employer changed drivers, and the alleged unusual request of the old driver was not an effort to pursuade the defendant to take the goods, nor was the testimony that the defendant advised the new driver that he had been paying $2.00 per case and he would pay $2.00 per case for these goods such an inducement as to amount to entrapment. Absent a written request to charge entrapment, it was not error to fail to charge the substance of *Code Ann.* § 26-905. Nor did the admission of the defendant that he paid $2.00 per case for the goods, thinking he was buying damaged goods, require a charge on entrapment. His conduct was not induced or solicited by the State through its agents, although he was given a suitable opportunity to receive the goods. Discovery and procurement of evidence by deception are not prohibited. *Edmondson v. State,* 18 Ga. App. 233 (89 SE 189); *Dalton v. State,* 113 Ga. 1037 (39 SE 468); *Allen v. State,* 120 Ga. App. 533, 535 (171 SE2d 380). The court did not err in failing to charge on entrapment.

3. But the "claim of right" defense, which in fact was the only defense the defendant offered, should have been given to the jury in the charge; that is, that if defendant acted under an honest claim of right in acquiring the property, without any intent to receive stolen property, and reasonably believed that the owner, if present, would have consented, then a verdict of not guilty should be returned. The defendant did not deny the purchase, but contended he purchased while believing he had a right to purchase; and thus the court failed to instruct the jury

on his sole defense. The judge must charge the law of the case so as to cover the substantial issues made by the evidence, whether such instructions are requested or not. *Central R. v. Harris,* 76 Ga. 501, 511; *Southern Cotton Oil Co. v. Brownlee,* 26 Ga. App. 782 (2) (107 SE 355); *Van Valkenburg v. Wood,* 41 Ga. App. 564 (1) (153 SE 924); *Anderson v. Barron,* 208 Ga. 785 (4) (69 SE2d 874); *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170 (2) (169 SE2d 735); *Davis v. Hammock,* 123 Ga. App. 33, 36 (179 SE2d 283). The lower court erred in failing to give this defense in the charge.

4. For the reasons shown in 1 and 3 above, a new trial will be required.

*Judgment reversed. Bell, C. J., concurs. Eberhardt, J., concurs specially.*

SUBMITTED JANUARY 31, 1972—DECIDED MARCH 8, 1972.

*J. Laddie Boatright,* for appellant.

*Dewey Hayes, District Attorney,* for appellee.

EBERHARDT, Judge, concurring specially. While I agree that there must be a reversal on the basis of Division 3 of the opinion, since there was a failure to charge on the defendant's only defense, I do not think the general grounds to be meritorious.

The majority concedes that "the goods were already taken at the time the employer changed drivers," and I agree. The theft of the goods was complete when they were removed from the warehouse and put on the truck to be delivered to Foskey's Town & Country Store, and it is immaterial that the truck belonged to Bacon Grocery. Another employee discovered the theft and reported it to his superiors. At that time only those engaged in the theft knew where the goods were to go, and the plan outlined in the stated facts was followed in order to ascertain the full facts, including the identity of the party or parties who were conspiring with the company employees in disposing of the goods.

Because the truck driver who cooperated in uncovering

the facts was an employee does not, in my judgment, result in an exoneration of Foskey, who was taking the stolen goods at a great discount. He bought them at a flat $2.00 per case, a price which had previously been established between him and the employee who was removing the goods and the truck driver who was delivering them.

"Hence, the statute [denounces] as an offense, not the knowingly receiving of stolen goods from the thief himself, or from any other particular person, but the buying and receiving of such goods knowing them to be stolen from any person whatsoever." *Gaspin v. State,* 76 Ga. App. 375, 379 (45 SE2d 785). Accord, *Tucker v. State,* 94 Ga. App. 468 (6a) (95 SE2d 296). "It is the knowledge by the defendant that the goods were stolen, rather than the intent of the principal in stealing them, which determines the guilt or innocence of the accused." *Johnson v. State,* 96 Ga. App. 151, 155 (99 SE2d 484). There is ample evidence from which the jury was authorized to conclude that Foskey knew he was purchasing goods which had been stolen from Bacon Grocery's warehouse.