*H. A. Etheridge,* contra.

---

### 12334.  SOUTHERN COTTON OIL CO. *v.* BROWNLEE *et al.*

1. Where the declaration of a person authorizes the inference that he is in copartnership with a named person, and credit is extended upon the faith of this statement, he will be estopped from denying, as against the creditor, the existence of the partnership.
2. The Supreme Court has uniformly held that the charge of the judge to the jury must give the law of the case to the extent of covering the substantial issues made by the evidence, whether such instructions are requested or not; and this is especially true where there is but one controlling issue, and for its just determination a specific·instruction should be given.

                    DECIDED MAY 2, 1921.

Complaint; from Twiggs superior court — Judge Kent. February 28, 1921.

The Southern Cotton Oil Company sued W. V. Brownlee and W. C. Mason, as partners, on an open account for advances made during the cottonseed season of 1915. The defendants filed a plea of no partnership. The correctness of the account was admitted and the case went to the jury on the sole issue of partnership or no partnership, and the verdict was in favor of the defendants. The plaintiff's motion for a new trial was overruled, and it excepted. The evidence relating to the shipment of cottonseed consisted of letters between the parties and oral testimony on the issue relating to the plea of no partnership. The first of these letters was from the Southern Cotton Oil Company to the defendant W. C. Mason and was dated August 9, 1915. It said:" Seed season will soon be on us, and we hope that we are to be favored again with your shipments from Ettrick. Please advise if we shall send you contract. . . We shall be glad to write the same contract for the coming season." In reply W. C. Mason wrote to the Southern Cotton Oil Company, on August 10, as follows: " Mr. W. V. Brownlee is interested with me at Adams Park this year, but we will use the same contract as last year." On August 11 the Southern Cotton Oil Company replied, acknowledging the receipt of that letter and enclosing the contract, the writer saying: " While I note your statement that Mr. W. V. Brownlee is interested with you, I presume that what you do will be satisfactory with him, and would be glad if you would handle accordingly. If you wish contract made otherwise, kindly advise us just how, that is, in what name, and will give matters proper course. We shall, of course, keep in touch with Mr. Brownlee and render him all the assistance possible." The contract referred to in this letter was returned to the Cotton Oil Company by W. C. Mason, signed by him alone, with a letter which made no statement as to the writer's relationship with W. V. Brownlee. On August 26 thereafter W. C. Mason wrote to the Southern Cotton Oil Company, directing it to send to " W. V. Brownlee, Adams Park, Ga., $50.00 to start off the seed business." Subsequently the corespondence was continued between Mason and the Cotton Oil Company and W. V. Brownlee and the Cotton Oil Company. It does not appear that reference to a partnership between Brownlee and Mason was made in any of the letters. The trial judge instructed the jury very briefly, and on the subject of partnership confined the charge to section 3158 of

the Civil Code of 1910, as follows: " A joint interest in the partnership property, or a joint interest in the profits and losses of the business, constitutes a partnership as to third persons." There was no request to charge on the subject. The motion for a new trial contains two special assignments of error: (1) that the undisputed evidence demanded a verdict for the plaintiff, and (2) that the charge on the subject of partnership was not applicable to the evidence, and confused and misled the jury, the court nowhere instructing the jury that a partnership could arise as to third persons from admissions on the part of one or both parties, and that when such admissions were acted upon by third persons, to their injury, the partner making them would be estopped from denying such partnership as against such party; that the foregoing principle of law was applicable and controlling under the evidence in the case, and the failure of the court to charge, thereon, even without request, was error prejudicial to the plaintiff and required the grant of a new trial.

*Jones, Park & Johnston,* for plaintiff.

*Jesse Harris,* for defendant.

HILL, J. (After stating the foregoing facts.)    The evidence in the case was hardly sufficient to demand a verdict for the plaintiff, but it was sufficient to raise the inference that, as to the cottonseed business for that year, there was a partnership between the two defendants. The first letter written by W. C. Mason, one of the defendants, in reply to a letter of the plaintiff, asking that it be favored again with shipments by him for the ensuing year, expressly stated that " Mr. W. V. Brownlee is *interested with me* at Adams Park this year, but *we will use the same contract* as last year." In reply to this letter the plaintiff wrote, " I note your statement that Mr. W. V. Brownlee is interested with you," and asked how Mason wished the contract to be made, and said, "We shall, of course, keep in touch with Mr. Brownlee and render him all the assistance possible." In reply to this letter Mason returned the contract with the plaintiff, signed only by himself, and made no reference to Brownlee or any relationship with him for the ensuing cotton season, and soon thereafter wrote a letter asking the plaintiff to send W. V. Brownlee " $50.00 to start off the seed business." The plaintiff's contention, under this evidence, was that as to the cottonseed business at Ettrick for that year Mason

and Brownlee were partners; not only that they were partners in the sense of § 3158 of the Civil Code, but that the declarations of both represented themselves as being interested in the seed business together for that year, and that these declarations and representations estopped them from denying the fact as against creditors dealing with them on the strength of such representations. " If a person holds himself out, or permits himself to be held out, to the world as a partner in a business, he will be bound to one who contracts with the purported partnership, on the faith of such representations, whether in fact he has any interest therein or not." *American Cotton College* v. *Atlanta Newspaper Union*, 138 *Ga.* 147(4) (74 S. E. 1084). " Though one may not actually be the partner of another person, he may, nevertheless, become liable as such a partner if he represent to persons dealing with himself and such other person that they are partners, and upon the faith of such representation a credit is extended to the supposed partnership of which he represents himself to be a member." *Carlton* v. *Grissom*, 98 *Ga.* 118 (2) (26 S. E. 77). And in *Stewart* v. *Brown*, 102 *Ga.* 836 (30 S. E. 264), it is held: " It is unquestionably true that where one represents himself to be a member of a partnership, and credit is extended upon the faith of his statement, he will be estopped from thereafter asserting, as against the person to whom he made such statement, that as a matter of fact he was not a member of the firm to which he thus procured credit to be extended, and that accordingly he is not individually liable for its debts."

These principles of law are well settled and are founded on commercial honesty and fair dealing, and as the plaintiff contended that it transacted the business with both defendants on the faith that they were partners in the cottonseed business, on the theory of estoppel by their declarations in connection with that business, and as this was the controlling, and really the only, issue in the case, we think the learned judge should have presented to the jury the law applicable to that issue, and not confined his charge on the subject of partnership to § 3158, supra.

It is true that where the trial judge gives instructions in general terms on broad and controlling principles applicable to the evidence, such instructions will be sufficient in the absence of a request for a more specific instruction, and that if the issues are

covered by the general charge, specific instructions should be requested, if desired; but where the evidence raises only one issue, the law pertinent to that issue should be given in the charge to the jury, without a request; and especially is this true where the general charge is calculated to mislead or confuse the jury in the application of the law in the particular case to the special controlling issue made by the evidence. From an early date the Supreme Court has uniformly held that the law of the case must be given to the jury, to the extent of covering the substantial issues made by the evidence, whether such instructions are requested or not, and whether attention is called to the matter or not; otherwise the verdict will be set aside. *Central Railroad* v. *Harris*, 76 *Ga.* 501, 511. Especially is this true in the present case, where the one issue relied upon by the plaintiff authorized the inference of partnership by equitable estoppel and this issue was not covered by the charge given by the court.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*