20536. CHRISTIAN *v.* THE STATE.

DECIDED JUNE 10, 1930.

*Porter & Mebane,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The defendant was convicted of selling intoxicating liquors, and he excepts to the overruling of his motion for a new trial. The amendment to the motion for a new trial alleges that

the court erred in charging the jury as follows: "Under this indictment you are not concerned about the possession of intoxicating liquors; the indictment charges the defendant with the offense of selling intoxicating liquors, and I charge you to disregard the question of possessing intoxicating liquors entirely." Counsel for plaintiff in error in their brief cite numerous authorities to the effect that where a person is charged in one count with selling whisky, and in another count of the same accusation with possessing whisky, and the same evidence is relied on to convict under both counts, a verdict finding the defendant guilty of selling and not guilty of possessing is void for repugnancy. This principle of law is, of course, sound, but it is not controlling on the issue now under consideration. In the instant case there was but *one* count in the indictment, and that was for selling; and a verdict declaring the defendant guilty of the offense of possessing intoxicating liquors under this indictment could not stand; and the trial judge made it clear to the jury that this was the idea that he intended to convey, and the charge could not have misled them, for he stated that "The indictment charges the defendant with the offense of selling intoxicating liquors, and I charge you to disregard the *question* of possessing intoxicating liquors entirely." The charge was proper in the circumstances under which it was given. The jury had requested a recharge, and the foreman stated, "We want to know if the sale of liquor on the credit is a legal sale or not; would that be possession of liquor?" Then it was that the judge charged them that the indictment charged the offense of selling and to disregard the question of possessing. The intent and the reasonable construction of the charge was to inform them that the indictment charged selling and not possessing, and that their verdict must determine the defendant's guilt or innocence of the charge of selling as alleged in the indictment, and not of the charge of possessing. The fact that the indictment charged selling only takes the case out of the rulings cited by the plaintiff in error. The defendant was not injured by the charge, and "injury as well as error must be shown before a new trial will be granted." *Goodwyne* v. *State,* 38 *Ga. App.* 183 (8) (143 S. E. 443). On the contrary, the charge was rather favorable to the accused, and therefore he will not be heard to complain. *Durham* v. *State,* 138 *Ga.* 817 (4 a) (70 S. E. 351); *Clements* v. *State,* 31 *Ga. App.* 524 (1 c) (121 S. E. 134).

The verdict was amply sustained by the evidence. Witness Potts swore that he bought whisky from the defendant in December, 1928, in the county of the prosecution. Witness Richards swore that she saw the defendant deliver a half-gallon fruit jar of whisky to one Kerce. The defendant introduced no witnesses, but in a short statement denied his guilt. The court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*