44565, 44566. S. S. KRESGE COMPANY et al. v. CARTY; and vice versa.

SUBMITTED JULY 8, 1969—DECIDED JULY 14, 1969— REHEARING DENIED JULY 29, 1969.

*Swift, Currie, McGhee & Hiers, Warner S. Currie, Walter O. Lambert, Jr., Donald D. Smith,* for appellants.

*J. M. Grubbs, Jr.,* for appellee.

EBERHARDT, Judge. ■ Error is enumerated on failure of the court to give a timely written request to charge *Code Ann.* § 105-1005: "Whenever the owner or operator of a mercantile establishment or any agent or employee of such owner or operator shall detain or arrest, or cause to be detained or arrested, any person reasonably thought to be engaged in shoplifting and, as a result of such detention or arrest, the person so detained or arrested shall institute suit for false arrest or false imprisonment against such owner, operator, agent or employee, no recovery shall be had by the plaintiff in such action where it is established by competent evidence that the plaintiff had so conducted himself, or behaved in such manner, as to cause a man of reasonable prudence to believe that such plaintiff was committing the offense of shoplifting, as defined by the statute of this State, at or immediately prior to the time of such detention or arrest, or provided that the manner of such detention or arrest and the length of time during which such plaintiff was detained was under all of the circumstances reasonable."

In this connection defendants additionally requested, and enumerate as error, the court's refusal to give a charge that: "I charge you further in connection with Code § 105-1005 that if you should find that the plaintiff had acted in such a manner as to cause a man of reasonable prudence to believe that the plaintiff was committing the offense of shoplifting, even though she was not shoplifting, then, and in such an event, it would be your duty to find for the defendants because no recovery for false arrest or false imprisonment can be had under those circumstances."

A further request was timely submitted, and error is enu-

merated on the court's refusal to give it in charge, that: "I charge you in connection with Code § 105-1005 that if you should find that the defendants did as a matter of fact detain the plaintiff but that under all the circumstances the detention, and the length of time thereof, was reasonable, then, and in such an event, you could not find for the plaintiff but should find for the defendants."

Shoplifting is defined in *Code Ann.* § 26-2640 (Ga. L. 1957, p. 115): "In any mercantile establishment in which goods, wares or merchandise are displayed for sale in such manner as to be readily accessible to persons shopping therein, it shall be unlawful for any person to remove any such goods, wares or merchandise from the immediate place of display with intent to appropriate the same to the use of the person so taking or to deprive the owner of possession thereof; or to conceal any of such goods, wares or merchandise with like intent; or *to alter any label or marking upon any such goods,* wares or merchandise with intent to deprive the owner of the value or any part thereof; or to transfer any goods, wares or merchandise from a container in which the same shall be displayed to any other container with intent to deprive the owner of the value or any part thereof; and any person committing any of the acts herein set forth shall be deemed guilty of shoplifting."   (Emphasis supplied.)

The question then, is whether the court erred in refusing to give the rquests relating to *Code Ann.* § 105-1005 (Ga. L. 1958, p. 693).   We conclude that it did.

Although the jury returned a verdict for the defendant on Count 1 (assault and battery) and Count 3 (false imprisonment) and there was no count as to false arrest, the allegations of Count 2 (tortious misconduct) are, except as to the characterization of the charge, identical with those of the other counts, including Count 3.   It grows out of and is based upon the very same facts and the same incident.   The evidence was the same as to all counts.

The complaint of plaintiff, both by her allegations in the petition and by her testimony, is that the defendants did falsely arrest her on the sidewalk and require her to go into the store where she was falsely imprisoned in that she was required to

await the coming of the assistant manager to clear up the matter, or attempt to do so. For this it is the public policy of this State that there can be no recovery if the arrest and detention resulted from actions or conduct on the part of plaintiff which would cause a man of reasonable prudence to believe that she was committing the offense of shoplifting, and the time of detention was reasonable.

A similar situation was before this court in *Turner v. Bogle,* 115 Ga. App. 710 (155 SE2d 667), where the action was for malicious prosecution. There the suspected customer was arrested and subsequently a prosecution for shoplifting resulted in a directed verdict of not guilty for the defendant when the State was unable to make out its case because of the absence as a witness of the detective who had made the case and upon whom the State was dependent for testimony that would have authorized a conviction. We held that a verdict for the defendant in the malicious prosecution action was demanded, observing that "The General Assembly has declared it the public policy of this state that there should be no recovery in an action for false arrest or false imprisonment arising out of the detention or arrest of one who the owner or the operator (or their agents or employees) might, by reason of his conduct or behavior, have had reasonable cause to believe was shoplifting. Ga. L. 1958, p. 693 (*Code Ann.* § 105-1005). While the action here was for malicious prosecution for an alleged shoplifting, we can see no difference in the standard to be applied under the facts presented and under the authorities cited." P. 713.

More recently, in *Dixon v. S. S. Kresge Co.* 119 Ga. App. 776 (1) (169 SE2d 189), it was held that "In an action *arising out of the detention of the plaintiff for suspected shoplifting,* the determination of whether the defendant, through its agents, acted with reasonable prudence was for the jury, where the facts as to such issue were in dispute," (emphasis supplied), and we approved as proper a charge in the language of *Code Ann.* § 105-1005, which is the subject matter of one of the denied requests here. Certainly this action, no matter by what nomenclature, *arises out of* plaintiff's alleged arrest and detention for suspected shoplifting, though mistakenly. It is for this very kind of situation

that the General Assembly intended to afford protection to the merchant. Obviously, if plaintiff had been guilty of shoplifting there would have been no action and no need for the protection afforded by the statute. It is when the jury may conclude that an honest mistake was made and that the merchant, or his employee, had reasonable cause to believe that one was shoplifting that the defense is available.

There was in evidence the yellow tape measure and a roll of price tags held together lengthwise in the manner of a roll of postage stamps used in stamp machines. They too are yellow, and are of substantially the same width as the tape measure. McEuen testified that from a distance of 25 feet the tape appeared to him to be price tags. The jury would have been authorized to find that Mrs. Carty's conduct was such as to excite a reasonably prudent man having knowledge of the pricing tags and of the prior occasions when people had used them in reducing merchandise prices before presenting it to the cashier at the check-out stand to believe that she was so engaged. That conduct, under the statute defining it, would constitute shoplifting.

"[I]t is elementary that the substance and not mere nomenclature controls in determining the nature of pleadings. *Girtman v. Girtman*, 191 Ga. 173, 180 (11 SE2d 782); *Waller v. Morris*, 78 Ga. App. 821, 822 (52 SE2d 583); *Georgia Marine Salvage Co. v. Merritt*, 82 Ga. App. 111, 116 (60 SE2d 419)." *Chance v. Planters &c. Cooperative*, 219 Ga. 1, 5 (131 SE2d 541).

"The law searches out the reality, and is not concerned with form." Lehman v. Commissioner, 109 F2d 99, 100. When, as here, it appears from the allegations of the several counts of the petition and from the evidence submitted in support of them, construed favorably to the plaintiff that (but for Ga. L. 1958, p. 693; *Code Ann.* § 105-1003) the actions of the defendants for which a recovery of damages is sought amounted to false arrest or false imprisonment, it was a denial of a defense which is provided to the defendants under the Act of the General Assembly to fail or refuse to give the requested charges. Cf. *McIntosh v. State*, 191 Ga. 736, 738 (13 SE2d 770). It matters not with what characterization or nomenclature the plaintiff

may have tagged the several counts, all resting upon the same facts and alleged wrongful actions of the defendants.

Consequently, the court should have given the requested charges numbered 7, 8 and 8a, quoted above. These were not covered in the charge given, and it was error to refuse to give them.

■ Defendants timely requested the court to charge: "I charge you that the plaintiff has sued the defendant for exemplary or punitive damages in addition to general damages. If you find that the defendant K-Mart through its agents and servants did in fact falsely imprison or falsely arrest the plaintiff, and I express no opinion as to this question, and you further find from all the evidence that the imprisonment or arrest was done without legal right or authority, you would not be authorized to award punitive damages or exemplary damages against the defendants if you find that the defendants acted in good faith and without wilfulness, malice, or such gross neglect as to indicate a wanton disregard for the rights of Mrs. Carty." The request was refused. The substance of it was not included in the charge given, and error is enumerated.

One of defendants' principal defenses, as made by their evidence, was that the actions of Mr. Stymus in accosting Mrs. Carty on the sidewalk and inquiring about the pricing tags, and in subsequently detaining her in the store, were done in good faith under circumstances which would lead a reasonably prudent man to believe that she had shoplifted pricing tags from the store. The evidence would have authorized such a finding by the jury, though it did not demand it.

Her claim for punitive or exemplary damages must rest upon *Code* § 105-2002, but it is well settled that there can be no imposition of punitive or exemplary damages thereunder unless the defendants' actions were wilful, malicious, fraudulent, or were done with such wantonness or oppression as to raise an inference of conscious indifference to the consequences. *Southern R. Co. v. O'Bryan*, 119 Ga. 147 (45 SE 1000). "An act of a person, although without legal right or authority, upon the person or property of another, which causes damage, where done in good faith and without wilfulness or malice, or such gross

neglect as to indicate a wanton disregard for the rights of another, will not authorize the infliction of punitive damages." *Lawrence v. Atlanta Gas-Light Co.*, 49 Ga. App. 444 (4) (176 SE 75).

Consequently, "[t]he charge, as a whole, did not properly submit the real issues involved nor authorize the jury to pass upon the merits of the defense, which, if found true, would render a recovery for the plaintiff legally impossible." *Central R. & Bkg. Co. v. Cooper*, 95 Ga. 406 (22 SE 549). "A specific charge which is legal and adjusted to a distinct matter in issue, involving the right of the plaintiff to recover, and which may materially aid the jury, should be given as requested, although in principle and in more general and abstract terms it may be covered by other instructions given by the court." *Metropolitan Street R. Co. v. Johnson*, 90 Ga. 500 (5) (16 SE 49). "Being a vital issue in the case, the court should have covered it by a proper charge, though no request to do so was presented." *Phenix Ins. Co. v. Hart*, 112 Ga. 765 (1) (38 SE 67). Accord, *Central Railroad v. Harris*, 76 Ga. 501 (1b); *Chattanooga & Durham R. Co. v. Voils*, 113 Ga. 361 (38 SE 819). Even if it be held that under the Appellate Practice Act the court is not bound to so charge in the absence of a timely written request, the request was made, denied, and failing so to charge was error.

The error of refusing to give the requested charge was emphasized by a charge that the plaintiff contended that she was insulted, humiliated and embarrassed, a matter upon which damages might be awarded, and further that punitive damages might be awarded to deter the offender from repeating the offense if the jury believed that plaintiff was otherwise entitled to recover, and that in this connection they "should take into consideration all of the circumstances as shown to you by the evidence, *including the amount of bad faith* in the transaction. . ."

3. Error is enumerated on the charge of *Code* § 105-2003 which relates to torts where the entire injury is to the peace, happiness, or feelings of the plaintiff. Appellant contends that since plaintiff both pleaded and testified concerning an aggravation of mental and physical illness which followed her detention on the sidewalk and in the store and which she attributed to

those incidents, she seeks damages for matters other than wounded feelings, making that Code section inappropriate as a part of the charge.

After instructing the jury that punitive damages could be recovered in this case only for the purpose of deterring the wrongdoer from repeating the alleged wrong, the court charged that "in the present suit the only damages sought for or sought to be recovered by the plaintiff are for the injuries to the peace, happiness or feelings of the plaintiff, and for which no measure of damages can be provided except the enlightened consciences of impartial jurors. The law provides that one may recover general damages for mental pain and suffering, or I should say, mental suffering and wounded feelings when caused by a wanton, voluntary or intentional wrong," and further that "you would not be entitled to award any amount to the plaintiff as exemplary or punitive damages unless you first find that the plaintiff is entitled to recover some amount as general damages from the defendants."

With this explanation we are constrained to believe that the jury did not misunderstand the charge. And see *Interstate Life &c. Co. v. Brewer,* 56 Ga. App. 599 (5) (193 SE 458). This enumeration is without merit.

4. While appellee filed a cross appeal and in connection therewith filed enumerations of error, no brief was filed or argument made in support thereof in the brief of appellee (cross appellant) filed in the main appeal or by separate brief in the cross appeal and these are deemed to have been abandoned, and an affirmance on the cross appeal results. *Abrams v. State,* 223 Ga. 216 (6) (154 SE2d 443); *Hatley v. State,* 119 Ga. App. 371 (1) (167 SE2d 217); *Underwood v. Ranger Mfg. Co.,* 116 Ga. App. 803 (159 SE2d 144).

*Judgment reversed on main appeal; affirmed on cross appeal. Bell, P. J., and Deen, J., concur.*