## 46479.   GREEN v. THE STATE.

HALL, Presiding Judge. Defendant appeals from his convictions for selling narcotics and from the denial of his motion for a new trial.

In two separate indictments defendants was charged with violating the Uniform Narcotic Drug Act in that he "did unlawfully have under his control and did sell to John D. Smith, a certain narcotic drug, to wit: Heroin" (on two separate dates). John D. Smith is an undercover agent of the United States Bureau of Narcotics. His testimony and that of another agent on surveil-

lance showed: Smith approached defendant, through a local girl informant, in order to obtain heroin. On the first occasion, defendant directed Smith to drive to a certain location where defendant went briefly to another car, then held a short conversation with an unknown man in the street, came back to Smith's car and asked for $180, returned to the man in the street for a moment and then left the scene. The unknown man then came to Smith's car and delivered a quantity of heroin. On the second occasion, defendant instructed Smith to meet him at a certain location. After they met, defendant left the vicinity. In about a half hour another man came up to Smith and delivered a package of heroin for which Smith paid him $260.

Defendant made a statement at his trial to the effect that he had indeed made arrangements for Smith to purchase heroin because he had been told by the girl that Smith was ill and in bad need of heroin; that as a former addict he knew of the pain a person goes through in those circumstances; but that he did not himself sell the heroin to him.

The State contends that under *Code Ann.* § 26-801 (new Criminal Code) any person "concerned" with a crime may be tried, convicted and punished as if he had directly committed the crime; and that under subsection (b) (4) one who "intentionally advises, encourages, hires, counsels, or procures another to commit the crime" is so "concerned." Therefore, the State contends, there was no error in defendant's conviction.

We agree that there was sufficient evidence for conviction under § 26-801. However, defendant contends the court erred in denying his motion for a new trial because there was a fatal variance between the allegata and probata as the evidence showed he had neither controlled nor sold the heroin. He cites a long string of Georgia cases on this point which we believe unnecessary to duplicate.

This court has recently indicated several times that it will not overturn a conviction for some immaterial variance. *Manning v. State,* 123 Ga. App. 844 (182 SE2d 690); *Parker v. State,* 124 Ga. App. 317. One of the main purposes of the indictment is to give the person charged notice of that particular crime against

which he must defend. Most "variances" take nothing away from the perfectly adequate notice contained in the indictment.

Here, while we believe the State could have been more explicit in the indictment (e.g., charging him with "procuring another to commit the crime,") we must also acknowledge that as a matter of law, if not in fact, defendant had adequate notice. The word "sale" is defined in the Uniform Narcotic Drug Act to include a transaction made by an agent. *Code Ann.* § 79A-802 (10). Since the evidence, including defendant's own statement, supports a finding that he acted as an agent for the sellers, there was no fatal variance.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*
SUBMITTED SEPTEMBER 17, 1971—DECIDED SEPTEMBER 28, 1971.

*B. Clarence Mayfield, Robert E. Barker,* for appellant.
*Andrew J. Ryan, Jr., District Attorney, Edward M. Buttimer,* for appellee.