## 46834. BROOKS v. THE STATE.

EBERHARDT, Judge. Two members of the narcotics squad of the Atlanta metro police force made acquaintance with some girls who were used as entrees for making contacts with sellers of drugs. The officers expressed a desire to buy a pound of marijuana, and the girls took them to the apartment of defendant and his wife. He had none, but at the urging of the girls called several people in an attempt to locate marijuana for them. Defendant demurred somewhat, but finally he and his wife went with the girls and the officers to a location where defendant made a contact which produced substantially a pound of marijuana wrapped in a newspaper. It was to be obtained

for $165, and $10 of the $175 supplied by the officers was returned. When the marijuana was produced the price was again reduced $10 because it was "trashy" and another $10 was refunded to the officers. Defendant and his wife kept none of the money but were prosecuted under *Code Ann.* § 26-801 for selling the marijuana and on trial of the case she was acquitted while he was convicted and sentenced to serve six months. He now appeals. *Held:*

1. The contention that defendant was entitled to an acquittal because he had acted as an agent of the purchasers in acquiring the marijuana is without merit. The same contention was made in *Green v. State,* 124 Ga. App. 469 (184 SE2d 194) under similar circumstances.

2. There was no entrapment. *Allen v. State,* 120 Ga. App. 533, 535 (171 SE2d 380).

3. In the charge to the jury the court informed the jury that the offense charged in the indictment was that of a violation of the Georgia Drug Abuse Control Act, and "the court charges you the law provides that it shall be unlawful for any person to possess or have under his control any narcotic drugs except as authorized" by the Act. There was no instruction as to a conviction or acquittal for the unlawful possession of drugs. But the indictment charged the defendant with the offense of selling one pound of marijuana to L. O. Webb; it did not charge unlawful possession.

There was explicit charge on the matter of selling: "The court charges you if you believe beyond a reasonable doubt . . . that the defendants did on the 3rd day of March, 1971, not being authorized under any provision of the Georgia Drug Abuse Control Act to do so, did unlawfully sell one pound of marijuana to L. O. Webb, then and in that event, you would be authorized to convict the defendants of the offense charged in this bill of indictment," and that if they should have a reasonable doubt as to their guilt "of the offense charged in this bill of indictment, it would be your duty to give them the bene-

fit of that doubt and to acquit them." Throughout the charge there were references to the "offense as charged in this indictment."

It is urged that the reference to possession in the charge was calculated to confuse the jury, but we do not agree. It would have been better to have omitted the reference, but upon a reading of the whole charge we can see no harm in it. There was never an indication or instruction that the jury might convict for unlawful possession, and the tenor of the whole charge was that they were being tried for selling marijuana in a specific quantity on a specific date to a specific party. The jury made no effort to deal with any other offense than that charged in the indictment.

"The intent and the reasonable construction of the charge was to inform them that the indictment charged selling and not possessing, and that their verdict must determine the defendant's guilt or innocence of the charge of selling as alleged in the indictment, and not of the charge of possessing. The fact that the indictment charged selling only takes the case out of the rulings cited by the plaintiff in error. The defendant was not injured by the charge, and 'injury as well as error must be shown before a new trial will be granted.'" *Christian v. State*, 41 Ga. App. 565, 566 (153 SE 780).

4. For the reasons stated in Headnote 1 there was no error in denying a request to charge on a defense that the defendant had been a "procuring agent" for the officer.

5. There was no error in the charge on conspiracy. There was a definition of conspiracy and an instruction that it was for the jury to determine from all of the facts and circumstances, as shown by the evidence, whether one existed for the commission of the offense charged in the bill of indictment, and, if so, whether the defendants were parties thereto, and that if the jury should find no conspiracy, or, that one existed but that defendants were not parties thereto, they should disregard the charge on that subject. We think the evidence raised a factual issue

as to whether there was a conspiracy, and of course if the jury should find it to have existed and that the defendant was a party to it, as they may very well have done, the law makes the acts of all parties the acts of each.

6. The general grounds of the motion for new trial are without merit. We have dealt with the special grounds.

*Judgment affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Quillian and Clark, JJ., concur. Pannell, Deen and Evans, JJ., dissent.*

ARGUED JANUARY 4, 1972—DECIDED MARCH 17, 1972—REHEARING DENIED MARCH 31, 1972—

*Albert M. Horn,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Robert L. Ridley, Joel M. Feldman,* for appellee.

EVANS, Judge, dissenting. One of the principal defenses offered by defendant was that he had no interest whatever in the transaction surrounding the purchase of marijuana, and that certain persons (later identified as policemen) came to him and induced him to buy marijuana for someone who badly needed some. He contended that he was not "concerned" in the sale and was not the agent of the seller, but that he was the agent of the purchaser.

The defendant contended that he did not make any profit from the transaction; that the money used to purchase the drugs was furnished by the policemen; and that his sole purpose in participating in the transaction was: "They just came to my house and made me feel real bad that I didn't help some freaks out . . . and they pushed me into it." No witness for the State suggested that defendant received any of the marijuana or any of the money, or any profit, for his participation in the transaction.

In support of defendant's contention that he was agent for the purchaser (the policemen) it is highly significant that the record in this case shows that when officer L. O. Webb (a witness for the prosecution) was testifying, the fol-

lowing question and answer were given: "Q. In other words, you were asking him (defendant) more or less *as your agent,* to try to haggle the price down for you, is that right? A. *That's correct.* $175 was a little bit high to what we had been paying for it." (Tr. 22, 23) (Emphasis supplied).

Counsel for defendant, timely submitted a request in writing for the court to charge the jury as follows, to wit: ". . . the defense of 'procuring agent' exists where the purchase of drugs was made at the direction of an agent of the State who paid for the drugs and where the defendant made no profit from the sale in question. Thus, if you believe under all the facts and circumstances of this case that the defendant purchased drugs because of the direction of an agent of the State who paid for the drugs and that the defendant made no profit either in money or in kind from the transaction complained of, it would be your duty to acquit the defendant of the crime with which he is charged."

It was error for the court to fail to give this charge, in substance, whether written request was filed or not, because this was a defense relied on by defendant, and there was ample evidence to support the theory of agency for the State.

In United States v. Sawyer, 210 F2d 169 (a Federal case quite similar to the facts in this case), the United States Court of Appeals, Third Circuit, reversed the lower court for failing to charge on the question of agency, which was shown by the facts there just as it was shown in this case. That court ruled that in a prosecution for unlawful sale of narcotics, the jury should have been instructed that, if they believed that the Federal agent had asked defendant to get some heroin for the agent, and thereupon the defendant undertook to act in behalf of the Federal agent, as prospective purchaser, rather than on his own behalf, and, in doing so, purchased the drug from a third person with whom defendant was not associated in selling, defendant would not be a seller of such drugs which he delivered to the agent

and could not be convicted. The case sub judice is even stronger in that the evidence shows that defendant acted as agent for the State in making the purchase and agreeing on the price (admitted by State's witness); that the money was furnished by the State's witnesses; that defendant did not make any profit therefrom; and that the entire transaction was at the suggestion and instigation of State's witnesses, who were policemen in disguise; that defendant did not himself sell the drugs but found someone else who did sell them.

In the opinion of Judge Hasty, in the Sawyer case, supra, at page 170 we find the following: "In these circumstances, we think the court should at least have pointed out to the jury that if they believed that the federal agent asked the defendant to get some heroin for him and thereupon the defendant undertook to act in the prospective purchaser's behalf rather than his own, and in so doing purchased the drug from a third person with whom he was not associated in selling, and thereafter delivered it to the buyer, the defendant would not be a seller and could not be convicted under this indictment. This may be obvious to a lawyer, but we are not sure that in the circumstances of this case the distinction between a seller and a procuring agent was equally clear to laymen. The government having elected to charge the defendant with the crime of sale rather than illegal possession, the jury should have been alerted to the legal limitations of the sale concept in relation to the circumstances of this case."

It is noted that in the later cases of Adams v. United States, 220 F2d 297, and Henderson v. United States, 261 F2d 909, the Sawyer case was cited and followed by the Fifth Circuit to the point of reversing, and in Sawyer with direction to enter a verdict of acquittal. I do not feel that this court should go so far and remove the question from the jury. The law of this State is somewhat different from that of the Federal government; and the issue created by the evidence as to whether the accused is the agent of the buyer or the agent of the seller, or is otherwise "concerned"

by intentionally aiding or abetting the commission of a crime remains. See *Code Ann.* (New Criminal) § 26-801 (Ga. L. 1968, pp. 1249, 1271). The appellate courts of this State have uniformly held that the charge of the judge to the jury must give the law of the case to the extent of covering the substantial issues made by the evidence, whether such instructions are requested or not. See *Central R. v. Harris,* 76 Ga. 501, 511; *Southern Cotton Oil Co. v. Brownlee,* 26 Ga. App. 782 (2) (107 SE 355); *Van Valkenburg v. Wood,* 41 Ga. App. 564 (1) (153 SE 924); *Anderson v. Barron,* 208 Ga. 785 (4) (69 SE2d 874); *Kresge Co. v. Carty,* 120 Ga. App. 170 (2) (169 SE2d 735); *Davis v. Hammock,* 123 Ga. App. 33, 36 (179 SE2d 283). The instruction requested was clearly apt and should have been charged.

In view of the foregoing, I dissent from Headnote 4 of the opinion of the majority and from the judgment of affirmance. While it is an extremely close question as to whether the evidence was sufficient to convict, I prefer to premise my dissent on the failure to give a proper charge on one of defendant's principal defenses.

The accused was entitled to "the procuring agent defense" and, at the very least, he was entitled to a correct charge on that principle, whether requested in writing or not. The lower court clearly erred in refusing to give such charge, after it was requested in writing, and in my opinion the judgment of conviction should be reversed and a new trial ordered.

I am authorized to state that Judges Pannell and Deen concur in this dissent.