## 49607. HUNT v. THE STATE.

CLARK, Judge.

Does failure of counsel in a misdemeanor case to require reporting of the trial proceedings amount to ineffective assistance of counsel? Does a trial court abuse

its discretion in failing to require reporting of a misdemeanor trial where the accused faces a potential sentence of two years imprisonment? These interesting questions are the principal points raised by appellant's counsel in seeking a reversal of two concurrent twelve-months sentences imposed upon defendant following conviction on two misdemeanors, pointing a pistol at another and criminal trespass. These queries are among others presented by counsel retained for appellate purposes after the services of original trial counsel were terminated.

1. At the outset of the trial, the court inquired whether counsel then representing the defendant wished to have the evidence and proceedings transcribed. He responded negatively. Defendant contends his attorney's negative response to this inquiry manifests denial of effective assistance of counsel since defendant's right to an efficacious appeal was thereby jeopardized. We do not think counsel's failure to respond affirmatively to the court's offer can be said to constitute ineffective assistance as a matter of law.

While a complete and accurate transcript may be beneficial to an appellant, it is not a necessity for a potent appeal. Our Appellate Practice Act provides: "In all misdemeanor cases, the trial judge may in his discretion require the reporting and transcribing of the evidence and proceedings on terms prescribed by him." Code Ann. § 6-805 (b). But "Where a trial is not reported as hereinbefore referred to, or where for any other reason the transcript of the proceedings is not obtainable, and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as above referred to; in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review, and if the trial judge is unable to recall what transpired he shall enter an order stating that fact." Code Ann. § 6-805 (g).

In the case at bar, defense counsel and the district

attorney presented their respective versions of the proceedings. They then reported they were unable to agree upon what had transpired. Consequently the court prepared a brief of evidence under the auspices of Code Ann. § 6-805 (g). This method of perfecting the record is not so inadequate as to deprive defendant of a meaningful appeal. As the Supreme Court noted in Draper v. Washington, 372 U. S. 487, 495 (83 SC 774, 9 LE2d 899), "Alternative methods of reporting trial proceedings are permissible if they place before the appellate court an equivalent report of the events at trial from which the appellant's contentions arise. A statement of facts agreed to by both sides, a full narrative statement based perhaps on the trial judge's minutes taken during trial or on the court reporter's untranscribed notes, or by a bystander's bill of exceptions might all be adequate substitutes, equally as good as a transcript." Accordingly, we re-iterate: Defense counsel does not jeopardize defendant's right to appeal and thereby ineffectively assist his client when, in a misdemeanor trial, he refuses the court's offer to have the evidence and proceedings transcribed.

2. Defendant's contention that the trial court erred in failing to require the transcribing of the evidence and proceedings below is likewise lacking in merit. As previously pointed out, Code Ann. § 6-805 (b) permits the trial judge to require the reporting of misdemeanor cases in his discretion. We find no abuse of discretion where, as here, the court accepted defense counsel's refusal of the court reporter's services.

Additionally, our examination of the three briefs of evidence prepared respectively by defense counsel, prosecutor, and court indicates the trial did not involve any complex factual or legal situations. The principal determination was one for the jury to decide upon the credibility of the version presented by the state's witnesses in preference to the personal testimony of the defendant.

The absence of a transcript here did not hinder this appeal. In accepting defense counsel's rejection of the available court reporter's services the trial judge knowingly took upon himself the task of preparing such transcript if counsel subsequent to the trial were unable

to agree as to what had transpired.

3. Another enumeration of error charges "The court erred in allowing blank probation forms printed on the criminal information to go to the jury during their deliberation." This contention is based upon *Cain v. State,* 113 Ga. App. 477 (148 SE2d 508). There this court ruled it was error to allow a probation form to go to the jury room over defendant's objection. The rationale of this decision was based upon Code Ann. § 27-2206 which provides: "No attorney at law in a criminal case shall argue to or in the presence of the jury that a defendant, if convicted may not be required to suffer the full penalty imposed by the court or jury, because pardon, parole, or clemency of any nature may be granted. . . If counsel for either side in a criminal case should so argue to the jury, opposing counsel shall have the right to immediately request the court to declare a mistrial; and in which case, it shall be mandatory upon the court to declare a mistrial; and upon failure so to do, same shall constitute reversible error."

Unlike *Cain,* no objection was made here to the submission of the "blank probation form." Therefore, ordinarily defendant's contention would not be considered. *Farmer v. State,* 107 Ga. App. 215, 216 (129 SE2d 404). In view of defendant's assertions of ineffective counsel we have examined the alleged "blank probation form" submitted in the case at bar. This inspection discloses that it is not in fact a probation form and is not legally objectionable. It is only a sentencing form, and unlike that employed in *Cain,* the word "probation" appears nowhere.

Our examination of the original record in *Cain* substantiates the lack of error in the case under study. There the objectionable document occupied a full page beginning with the caption in black capital letters: Order of Probation. It contained language detailing general and special conditions of probation. The totality of that complete page flaunted the possibility of probation to the extent that this court correctly ruled it had no place in the jury room.

4. The sixth enumeration of error contends "The court erred in the hearing on the Appellant's Motions for New Trial in refusing to allow evidence on the special

grounds which did not otherwise appear in the record of this trial proceedings."

This assignment is based upon the appellant's contention that certain documents were illegally permitted to be in the jury room during their deliberations. These documents were the affidavits of the complaining witness and the warrants of arrest, lists of the state's witnesses, blank bond forms in each arrest warrant, and blank probation forms on each criminal information. In the preceding division we have dealt with the claim concerning the probation forms. We do not find it necessary to pass on the question of the correctness of the ruling by the trial judge as to admitting evidence in connection with the hearing on the new trial motion, as an examination of the documents shows that error, if any, in permitting them to go to the jury room was harmless.

5. The remaining enumeration of error again argues inadequacy of trial counsel. The basis is thus stated in defendant's special ground of his amendment to his motion for new trial: "His employed attorney did not appear at the trial and the employed attorney's assistant with little experience in either trial work or criminal cases appeared for the defendant and failed to adequately represent him and protect his rights under the due process and equal protection clauses of the U. S. Constitution." (R. 68).

There is nothing in the record to which we are limited relating to this contention. Nevertheless, in view of the question of effective counsel being raised, we have followed the example of our Supreme Court in *Jones v. State,* 232 Ga. 771, 774 (1) (208 SE2d 825) and scrutinized that record to determine if this argument stems from "the well known astigmatism of advocates.[1]"

The record here shows defendant's trial attorney rendered ardent and assiduous assistance. No fewer than

---

[1]In *Lawyer's Lawyer—The Life of John W. Davis* by Wm. H. Harbaugh (Oxford University Press (1973)) the author notes Frankfurter's use of this phrase. This definitive biography of our generation's greatest appellate advocate is recommended reading.

nine written requests to charge appear in the record as confirmation of counsel's capable and determined efforts. Rather than demonstrating lack of adequate counsel the record is written testimony of this lawyer's dedication and ability.

Competency of counsel should not be judged on 20/20 hindsight or "Monday morning quarter-backing." "The constitutional right to the assistance of counsel does not guarantee errorless counsel, nor counsel judged ineffective by hindsight. [Cits.]" *Jones v. State,* 232 Ga. 771, 773 (1)(208 SE2d 825). The only contentions as to incompetency were the advocate's decision as to there being no need for his client to have the expense of court reporting and his failure to object to the printed sentence form on the back of the accusation going out with the jury. We have dealt with both of these contentions and find them lacking in merit.

"Injury as well as error must be shown before a new trial will be granted." *Christian v. State,* 41 Ga. App. 565, 566 (153 SE 780); and citations contained in *Smith v. Forrester,* 132 Ga. App. 426 (1) (208 SE2d 199). This is the basis of the philosophy expressed by the U. S. Supreme Court that "A defendant is entitled to a fair trial but not a perfect one," for there are no perfect trials. Lutwak v. United States, 344 U. S. 604, 619 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (93 SC 1565, 36 LE2d 208).

A verdict should not be set aside and a new trial granted where the case has been fairly submitted on its merits and no law or rule violated nor manifest injustice done.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED NOVEMBER 21, 1974 — REHEARING DENIED DECEMBER 16, 1974 —

*Millard C. Farmer,* for appellant.
*Clifford A. Cranford, Solicitor,* for appellee.