## 50130. ZINN v. THE STATE.

WEBB, Judge.

Gary Zinn was indicted, tried and convicted for selling heroin in violation of the Uniform Narcotic Drug Act (Code Ann. Ch. 79A-8), and he now appeals. *Held:*

1. In support of the general grounds of the motion for new trial, defendant contends that the state "did not meet its burden of satisfying the jury beyond a reasonable doubt that the defendant was not entrapped. *Reed v. State,* 130 Ga. App. 659 (204 SE2d 335)." The trial court, after defining entrapment, charged the jury: "[T]he burden is upon the State to prove the accused was not entrapped and such proof must free your mind beyond a reasonable doubt that the accused was not entrapped. If, after considering all the evidence presented, you have a reasonable doubt as to whether the accused was entrapped, it is your solemn duty to acquit." The jury resolved this issue against defendant, there was ample evidence to support the finding, and the general grounds are without merit. See Criminal Code § 26-905; *Hill v. State,* 225 Ga. 117 (166 SE2d 338); *Sutton v. State,* 59 Ga. App. 198 (200 SE 225); *McKibben v. State,* 115 Ga. App. 598, 599 (1) (155 SE2d 449) and cases cited; *Moon v. State,* 120 Ga. App. 141, 142 (4) (169 SE2d 632); *Allen v. State,* 120 Ga. App. 533, 535 (4) (171 SE2d 380); *Brooks v. State,* 125 Ga. App. 867 (2) (189 SE2d 448); *Brown v. State,* 132 Ga. App. 399 (1) (208 SE2d 183); *Garrett v. State,* 133 Ga. App. 564 (3) (211 SE2d 584); *Thomas v. State,* 134 Ga. App. 18.

2. Defendant complains that the trial court erred in admitting testimony of the undercover agent "covering a separate and distinct transaction having no relevance to the issues then before the court." This testimony showed that prior to procuring the drugs from another location, defendant stated to the agent: "You have to wait here now. I got some other people coming. I want to get all this stuff copped at the same time." A few minutes later, another vehicle drove up and two other persons arranged with defendant for the purchase of drugs, after which defendant proceeded to another location and procured all the drugs.

We find no error. The defense was based upon

defendant's contention that he was entrapped by the informer and undercover agent as to the transaction in question. The evidence as to the independent transaction with the other two persons, which was inextricably bound up with the instant transaction, showed that he was ready, willing and able to engage in these transactions, and was thus relevant to show that he was not entrapped.

3. The contention that defendant was merely a "procuring agent" and could not be convicted for selling heroin is without merit. Code Ann. § 79A-802 (10) (Ga. L. 1967, pp. 296, 325; 1970, p. 470); Criminal Code § 26-801; *Green v. State,* 124 Ga. App. 469 (184 SE2d 194); *Brooks v. State,* 125 Ga. App. 867, 868 (1), supra.

4. "The defendant who interposes an entrapment defense may not controvert the allegations of the indictment. . . In asserting an entrapment defense, . . . accused admits the commission of the offense while denying that he was inclined to commit the offense before the intervention of the law enforcement agent. The accused must choose, therefore, where the evidence may present a case of entrapment, whether to assert the entrapment defense, thereby admitting the other elements of the crime." *Reed v. State,* 130 Ga. App. 659, 661 (204 SE2d 335).

Here the defendant in his sworn testimony admitted committing the offense, the jury rejected the entrapment defense, and the guilty verdict was demanded, rendering harmless the remaining enumerations of error. *Pennington v. State,* 117 Ga. App. 701, 704 (161 SE2d 327) and cases cited; *Thaxton v. State,* 89 Ga. App. 536, 538 (80 SE2d 76); *Robertson v. State,* 95 Ga. App. 445, 447 (98 SE2d 199); *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239); *Garrett v. State,* 133 Ga. App. 564 (4), supra.

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

Submitted January 7, 1975 — Decided February 7, 1975 — Rehearing denied February 20, 1975 —

*Stephen M. Friedberg,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye,*

*Isaac Jenrette, Joseph J. Drolet, Assistant District Attorneys,* for appellee.