52683. LODER v. THE STATE.

MARSHALL, Judge.

Appellant was tried and convicted of selling heroin in violation of the Controlled Substances Act, Chapter 79A-8 (Ga. L. 1974, pp. 221, 243; 1975, pp. 1112, 1113; Code Ann. § 79A-811(b)). In this appeal, he asserts five errors which he contends require reversal of the conviction: (1) the denial of his motion to disclose the identity and location of an informer, (2) the denial of his motion for directed verdict of acquittal on the ground that he was not a "seller" in the transaction but a mere conduit,

(3) allowing the district attorney to wrongfully place his character in issue, (4) charging the jury on certain subjects which were not in evidence, and (5) failing to charge the jury on certain requested subjects. *Held:*

1. Prior to trial, appellant filed a motion to compel disclosure of the identity and location of an informant who appellant contends was an active participant in the heroin sale and thus a decoy and essential to the preparation of his defense. This court held in *Taylor v. State,* 136 Ga. App. 31 (220 SE2d 49) that an absolute rule of disclosure whenever active participation is shown would not be followed, but that disclosure would be required only in the discretion of the trial judge, depending on the facts and circumstances of each case.

In the case sub judice, at the hearing prior to trial, the trial judge heard argument from counsel on the disclosure question and ruled that, if from the evidence presented at trial it should appear that any unnamed person had anything to do with leading appellant into the commission of a crime, then he would require the state to disclose that person. During the hearing the judge also asked the state to disclose any favorable information in its file to appellant. The state replied that it had nothing, and that its witnesses were known to appellant.

During the trial the informer's role in the heroin transaction was revealed as the following: An undercover narcotics agent was driving around Atlanta with the confidential informer when the informer saw appellant and suggested they ask him about where the agent could buy some drugs. It appeared that the informer and appellant had known each other on a first-name basis. The informer asked appellant to get into the car. After he got in they (the agent and the informer) told appellant they were looking for some drugs and asked him if he had any. Appellant stated he did not have any on him but could take them where he (the agent) could get some. Appellant directed the agent to a certain address where the agent stopped the car and gave appellant $60. Appellant took the money, went into the apartment and returned a short while later with the heroin, which he gave to the agent. The agent then "tipped off" the local police who subsequently arrested appellant and searched

him. They found no drugs or money on him. Appellant's version of the transaction was, as follows: He was walking along the street when a car pulled beside him and the occupants asked him to get in. After he got into the car, the informer, known to him as Peewee, saw a person named Bill in another car and suggested to appellant that Bill might have some drugs. Peewee said he had not bought drugs from Bill before and asked appellant if he could. Appellant stated he would ask him and see. They followed Bill to his apartment. The agent gave appellant $60. Appellant went to Bill's apartment, gave him the $60 in exchange for a package of heroin, returned to the car and gave the package to the agent.

Appellant does not specify what testimony he expected the informer to give that would support his asserted defense of entrapment. Even if the informer's testimony were supportive of appellant's version of the facts, such testimony would be merely cumulative and would not establish a new defense or stronger case of entrapment. Under the principles of Roviaro v. United States, 353 U. S. 53 (77 SC 623, 1 LE2d 639), whether the informer's testimony is "relevant and helpful to the defense of an accused," is a matter to be determined by the trial judge. See *Taylor v. State,* 136 Ga. App. 31, 38, supra; *Estevez v. State,* 130 Ga. App. 215 (202 SE2d 686); *Welch v. State,* 130 Ga. App. 18 (202 SE2d 223). We cannot reverse the trial court's decision based on speculative expected testimony, which would not show active participation on the part of the informer, according to the evidence presented before the trial judge. See also *Connally v. State,* 237 Ga. 203 (2) (227 SE2d 352).

2. Appellant next contends that he did not sell the heroin but acted merely as a conduit or procuring agent of the purchaser and that a directed verdict of acquittal should have been granted on this ground. Appellant cogently argues that as an agent of the purchaser he could not be criminally responsible under a statute that seeks to punish only a seller. He further contends that he could not be a "party to the crime" because there was no evidence of his association with the "pusher" named Bill.

This "procuring agent" theory has been raised before and has been rejected. See, e. g., *Zinn v. State,* 134 Ga.

App. 51 (3) (213 SE2d 156); *Brooks v. State,* 125 Ga. App. 867 (1) (189 SE2d 448); *Green v. State,* 124 Ga. App. 469 (184 SE2d 194). The apparent rationale behind the rejection of this theory is that a "party to the crime" under Ga. L. 1968, pp. 1249, 1271 (Code Ann. § 26-801 (a)) is a person who is "concerned" with the crime, and that he may be tried and convicted and punished as if he had directly committed the crime, and that this is so whether or not he is charged under Code Ann. § 26-801 (a). See *Green v. State,* 124 Ga. App. 469, 470, supra. The jury was authorized to find that appellant was "concerned" with the sale of the heroin in that he intentionally aided or abetted in its commission or intentionally procured another to commit the crime. Code Ann. § 26-801 (b) (3) and (4). See, e.g., *Holiday v. State,* 128 Ga. App. 817 (198 SE2d 364). The appellant admitted on the stand his participation in the crime. This evidence, which is corroborated, was sufficient to show he was a party to the crime.

3. Appellant contends in his third enumeration that the trial court erred in allowing the district attorney to put appellant's character in issue on two occasions, over objection, without his having done so first.

The first occasion concerned cross examination of appellant. Appellant had testified on direct examination that he had been a heroin addict since 1967, but that he had been undergoing treatment for same for the last three years. On cross examination the district attorney asked if he was on this habit in Detroit, Michigan, in 1968; in Hazel Park, Michigan, in 1969; in Plymouth, Michigan, in 1969; in Huntsville, Alabama, in 1970; and in Birmingham, Alabama, in 1971. Appellant replied "Yes" to all but the last of these questions. Appellant's counsel objected on the ground that the district attorney, by asking these questions, while flipping through appellant's "rap sheet" in front of the jury, was inferring that appellant had a long criminal record.

We agree that if the district attorney was placing appellant's criminal record before the jury, harmful error was committed. The rules on placing a defendant's character in issue allow no exception under the evidence in this case. See *Bacon v. State,* 209 Ga. 261 (71 SE 615);

*Wilson v. State,* 173 Ga. 275 (2) (160 SE 319); *Luke v. State,* 131 Ga. App. 799 (2) (207 SE2d 213). See also dissenting opinion in *Hodges v. State,* 85 Ga. App. 617, 622 (70 SE2d 48). And the state may not do indirectly that which it may not do directly. *Cunningham v. State,* 137 Ga. App. 758 (2) (225 SE2d 98). Where the prosecuting attorney attempts, through "blatant subterfuge," to do that which is forbidden the conviction will be overturned. Cf. *Moss v. State,* 136 Ga. App. 241 (2) (220 SE2d 761).

However, we cannot conclude that cross examination in this case was a backhanded attempt to violate the rule. Certainly, the district attorney came close and was therefore subject to reproach. Appellant did place in issue his drug habit, so that the door had been opened for questions concerning same, to which the district attorney's questions were limited. See, e.g., *Willingham v. State,* 134 Ga. App. 144 (2) (213 SE2d 516); *Scarver v. State,* 130 Ga. App. 297 (1) (202 SE2d 860); *Clyatt v. State,* 126 Ga. App. 779 (3) (192 SE2d 417).

The second alleged injection of appellant's character occurred when the district attorney examined a rebuttal witness. The witness was called to rebut appellant's direct testimony that he was not engaged in selling drugs, and his cross examination testimony that he had not sold $220 worth of heroin to a certain GBI agent in July, 1975. (The present offense occurred in November, 1975.) The rebuttal witness was the GBI agent, and he testified that such a sale did in fact take place. Appellant objected to this testimony, but the trial judge permitted it for the limited purpose of its weight in determining appellant's credibility. Such rebuttal was admissible for the limited purpose stated by the trial judge. *Drains v. State,* 138 Ga. App. 607 (2) (226 SE2d 604) (1976); *Childers v. State,* 131 Ga. App. 74 (2) (205 SE2d 56).

4. Appellant next contends that the court erred in instructing the jury on the subject of admissions and incriminating statements and parties to the crime. Both of these instructions were raised by the evidence (see Division 2, supra) and were therefore proper.

5. Finally, appellant contends that the trial judge erred in failing to charge, as requested, instructions on the presumption of innocence; the "two theories" of

evidence, entrapment and procuring agent. Our review of the jury instructions shows that the trial judge fully and completely covered the principles of presumptions of innocence and the charge requested by appellant did not add thereto. The "two theories" charge requested by appellant, applies only to circumstantial evidence (*Stonaker v. State,* 134 Ga. App. 123, 126 (213 SE2d 506) (revd. on other grounds); cf. *Banks v. State,* 132 Ga. App. 809 (209 SE2d 252)), and under the facts in this case, appellant's involvement in the crime under Code Ann. § 26-801, supra, was shown by direct — not circumstantial — evidence. The trial judge adequately charged the law of entrapment, and appellant's additional requested charge on this subject was argumentative. Finally, the trial judge properly refused the requested charges on the "procuring agent" theory, for the reasons stated in Division 2.

*Judgment affirmed. McMurray and Smith, JJ., concur.*

SUBMITTED SEPTEMBER 8, 1976 — DECIDED OCTOBER 8, 1976 — REHEARING DENIED OCTOBER 25, 1976 — ▮▮▮▮▮▮

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Assistant District Attorneys,* for appellee.