## 58618. WOMACK v. THE STATE.

BIRDSONG, Judge.

James F. Womack was tried and convicted of armed robbery and sentenced to serve ten years in the penitentiary. The pleadings show that Womack was indicted as if he were the sole perpetrator of the crime. However, the evidence shows that Womack acted together with another in committing the armed robbery, and moreover, that the accomplice did most of the talking, handled the gun used in the robbery, and apparently on several occasions used threatening language toward Womack. However, the jury was charged appropriately upon the theory of duress and conspiracy and concluded that Womack was a principal to the crime. Womack does not raise any issue on appeal as to the sufficiency of the evidence but asserts that there is a fatal variance between

the allegata and the probata and, further, that he was denied due process by being unable adequately to defend himself because the indictment did not adequately inform him of that against which he had to defend himself. *Held:*

Appellant's contentions have been adversely determined against him by this court. We held in *Montgomery v. State,* 128 Ga. App. 116 (2) (195 SE2d 784): "Defendant contends there was a fatal variance between the allegata and probata . . . .: that he was charged with entering while the proof showed he was never in the house at all . . . The first point is answered by Code Ann. § 26-801 which states that a person who aids and abets is concerned in the commission of a crime and 'may be charged with and convicted of commission of the crime' as a party." In *Green v. State,* 124 Ga. App. 469, 471 (184 SE 2d 194), we held: "Here, while we believe the State could have been more explicit in the indictment (e.g., charging him with 'procuring another to commit the crime,') we must also acknowledge that as a matter of law, if not in fact, defendant had adequate notice." Because the evidence, including Womack's own testimony supports a finding that he acted as a principal, there was no fatal variance or lack of notice. We find no merit in either of appellant's enumerations.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED OCTOBER 17, 1979 — DECIDED NOVEMBER 14, 1979.

*John O. Wiggins,* for appellant.
*William M. Campbell, District Attorney,* for appellee.