## 60290. ROYAL v. THE STATE.

QUILLIAN, Chief Judge.

1. Our opinion in this case (155 Ga. App. 691 (272 SE2d 556)) reversing the trial court based on our resolution of appellant's first enumeration of error has in turn been reversed by the Supreme Court in *State v. Royal,* 247 Ga. 309 (275 SE2d 646). Our opinion and judgment are accordingly vacated and the decision of the Supreme Court is adopted as our decision on the first enumeration.

2. The Supreme Court also decided appellant's sixth enumeration adversely to him and we also adopt that decision. We now address the remaining four enumerations.

3. The second and fourth enumerations alleged error because the trial court refused to direct a verdict on the ground that the evidence showed the defendant in purchasing the marijuana acted solely as procuring agent for the state agents, and because the jury was not instructed that the defendant could not be convicted of the sale of marijuana if he was acting solely as the procuring agent for the state agents.

These contentions are controlled adversely to defendant by *Loder v. State,* 140 Ga. App. 166 (2) (230 SE2d 124), vacated by 238 Ga. 200 (232 SE2d 71) and reaffirmed by 141 Ga. App. 665 (234 SE2d 132).

"This 'procuring agent' theory has been raised before and has been rejected. See, e.g. *Zinn v. State,* 134 Ga. App. 51 (3) (213 SE2d 156); *Brooks v. State,* 125 Ga. App. 867 (1) (189 SE2d 448); *Green v. State,* 124 Ga. App. 469 (184 SE2d 194). The apparent rationale behind the rejection of this theory is that a 'party to the crime' under Ga. L. 1968, pp. 1249, 1271 (Code Ann. § 26-801 (a)) is a person who is 'concerned' with the crime, and that he may be tried and convicted and punished as if he had directly committed the crime, and that this is so whether or not he is charged under Code Ann. § 26-801 (a)." Id at 168, 169.

4. The third enumeration raises the general grounds. We find the evidence sufficient to authorize the jury to find defendant guilty beyond a reasonable doubt.

5. There is no merit in the remaining fifth enumeration.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED APRIL 30, 1981 —

*Harry Jay Altman II,* for appellant.

*H. Lamar Cole, District Attorney, Dwight May, Assistant District Attorney,* for appellee.