65038. DIANA v. THE STATE.

BANKE, Judge.

The defendant appeals his conviction for selling marijuana in violation of the Georgia Controlled Substances Act, contending among other things that the evidence of his guilt is insufficient.

An undercover agent of the Georgia Bureau of Investigation testified that he became acquainted with the defendant over a period of several weeks and that, during one of their encounters at a restaurant, he told the defendant that he "would like to get some marijuana." The defendant made a phone call and then informed the agent that the price would be $35. Upon receiving the money, the defendant left the restaurant. He returned several minutes later and informed the agent that the marijuana was in the glove compartment of his car in the parking lot. The two went to the car, where the agent was allowed to choose between two bags in the glove compartment containing a substance which appeared to be marijuana. A chemist from the State Crime Laboratory testified that the substance in the bag the agent chose was in fact marijuana.

The defendant testified that after the agent had asked him a number of times about obtaining marijuana, he obtained the drug from a friend and turned it over to the agent at no profit to himself. He argues on appeal that the evidence shows him to have been at most a procuring agent and that no sale occurred. *Held:*

1. The theory that one may act as a conduit or procuring agent of the purchaser and thus escape culpabililty as a seller has been considered and rejected by this court. See *Loder v. State,* 140 Ga. App. 166 (2) (230 SE2d 124) (1976); *Zinn v. State,* 134 Ga. App. 51 (3) (213 SE2d 156) (1975); *Brooks v. State,* 125 Ga. App. 867 (1) (189 SE2d 448) (1972); *Green v. State,* 124 Ga. App. 469 (184 SE2d 194) (1971). From our review of the evidence, we find that a rational trier of fact could reasonably have found proof of the defendant's guilt beyond a reasonable doubt.

2. The defendant contends that the trial court erred in failing to charge on the defense of entrapment, even though he denied that he was guilty of selling marijuana. His argument is based upon *Gregoroff v. State,* 248 Ga. 667, 672 (285 SE2d 537) (1982), which held that "when the State's case shows evidence of entrapment and the defendant offers no evidence of entrapment inconsistent with his defense that he did not commit the crime, the defendant is not required to admit the commission of the crime in order to be entitled to a charge on entrapment." This principle is inapposite to the case before us. "Entrapment exists where the idea and intention of the commission of the crime originated with a government officer or employee . . . and he, by undue persuasion, incitement, or deceitful means, induced the accused to commit the act which the accused would not have committed except for the conduct of such officer." Code § 26-905. The state's evidence shows only that the agent offered the defendant the opportunity to commit the offense, and this evidence cannot reasonably be said to raise the issue of entrapment as a defense. See *Allen v. State,* 120 Ga. App. 533 (171 SE2d 380) (1969); *Garrett v. State,* 133 Ga. App. 564 (3) (211 SE2d 584) (1974).

3. We have carefully examined the other enumerations of error and find them to be without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

Decided November 29, 1982 —
Rehearing denied December 15, 1982.

*Maurice Byers,* for appellant.
*Beverly B. Hayes, Jr., District Attorney, William T. McBroom III, Assistant District Attorney,* for appellee.