## 65234. LUCAS v. THE STATE.

SHULMAN, Chief Judge.

Appellant was found guilty of selling marijuana to an undercover investigator. In his sole enumeration of error, appellant takes issue with the trial court's failure to instruct the jury that the defendant could not be convicted of the sale of marijuana if he were acting solely as a procuring agent for another.

Appellant's contention is controlled adversely to him by this court's decisions in *Bailey v. State,* 163 Ga. App. 464 (5) (294 SE2d 702); *Royal v. State,* 158 Ga. App. 405 (3) (280 SE2d 427); and *Loder v. State,* 140 Ga. App. 166 (2) (230 SE2d 124), vacated in 238 Ga. 200 (232 SE2d 71), reaffirmed in 141 Ga. App. 665 (234 SE2d 132). "This 'procuring agent' theory has been raised before and has been rejected. [Cits.] The apparent rationale behind the rejection of this theory is that a 'party to the crime' under Ga. L. 1968, pp. 1249, 1271 (Code Ann. § 26-801 (a)) [OCGA § 16-2-20 (a)] is a person who is 'concerned' with the crime, and that he may be tried and convicted and punished as if he had directly committed the crime, and that this is so whether or not he is not charged under Code Ann. § 26-801 (a)." *Royal v. State,* supra, p. 406.

Inasmuch as the defense offered by appellant is not recognized in this state, it was not error to fail to instruct the jury as appellant orally requested.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 18, 1983,

*Victor C. Hawk,* for appellant.
*Sam B. Sibley, Jr., District Attorney,* for appellee.