## 49809. MULLINS v. THE STATE.

BELL, Chief Judge.

The defendant was convicted by a jury of abandonment of his illegitimate child, a misdemeanor. Code Ann. § 74-9902. He was represented at trial by counsel of his own choosing and no transcript of the proceedings was made. The record shows that trial defense counsel waived a transcript of the proceedings. After conviction, defendant retained new counsel to represent him for appellate purposes. The solicitor and appellate defense counsel were unable to agree on evidence and the trial judge entered an order stating that he was unable to recall what transpired. Code Ann. § 6-805 (g). *Held:*

1. It is contended that the trial judge erred in not requiring the reporting and transcribing of the evidence where the defendant is subject to possible imprisonment. In this state in misdemeanor cases, it is discretionary with the trial judge whether to require the reporting of the evidence. Code Ann. § 6-805 (b). As defendant's retained trial counsel waived a transcript, we cannot say that the trial judge abused his discretion in not requiring a transcript.

2. It is argued that the conduct of trial defense counsel amounted to denial of effective assistance of counsel in that he waived the transcribing of the proceedings; did not conduct a reasonable voir dire; inadequately cross examined state witnesses; failed to demand blood tests; did not make proper objections to testimony; did not present the law to the court; made no requests to charge; and failed to adequately investigate and prepare for trial. In *Hunt v. State,* 133 Ga. App. 548, we held as a matter of law that trial defense counsel does not ineffectively assist his client when, in a misdemeanor case, he refuses the court's offer to have the proceedings transcribed. Absent a transcript we cannot pass on the other claimed errors of judgment of the trial defense counsel as all depend on the evidence adduced at trial as well as the charge to the jury. *Brown v. State,* 223 Ga. 540 (156 SE2d 454); *Umstead v. State,* 131 Ga. App. 833 (207 SE2d 238).

3. The lack of transcript likewise presents nothing to review as to the sufficiency of the evidence to authorize the finding of guilty.

4. The other enumerations of error have no merit.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED OCTOBER 7, 1974 — DECIDED DECEMBER 3, 1974.

*H. Gilman Hudnall,* for appellant.
*John R. Thompson, Solicitor,* for appellee.